## COMMONWEALTH *vs.* ROBERT WOOD.

On an indictment for cruelly overdriving a horse, evidence that the defendant's parent for-merly requested the owner of the horse not to let horses to the defendant, is inadmissible.

On an indictment for cruelly overdriving a horse, a witness testified that she had seen the defendant driving, and he was not then overdriving ; on cross-examination, she denied that she had said, in conversation with J. S., that the defendant was guilty ; on reëxam-ination, she was inquired of as to this conversation. *Held,* that evidence that she had told J. S. that the defendant was guilty, was admissible.

On an indictment for cruelly overdriving a horse, the judge instructed the jury that the Commonwealth must prove that the defendant over drove the horse knowingly and inten-tionally ; and that he was presumed to intend the natural and necessary results of his acts ; but that if, in the proper exercise of his own judgment, he thought he was not over-driving the horse, he must be acquitted. *Held,* that the defendant had no ground of ex-ception.

COMPLAINT for wilfully and cruelly overdriving a horse.

At the trial, on appeal, in the Superior Court in Suffolk, be-fore *Devens,* J., the Commonwealth introduced evidence that the defendant hired the horse from a livery stable and overdrove it, and it appeared that the defendant was at the time a minor

The defendant introduced evidence that he had not overdriven the horse, and that he at any rate had not wilfully done so ; and also to what extent he was acquainted with horses and had to do with them.

The defendant offered evidence tending to show that the owners of the stable had been requested by his parent, since the previous April, not to let horses to him, but the judge excluded it.

The defendant's mother testified, as a witness for him, that she had seen him driving, and that he was not then overdriving the horse. On cross-examination, the Commonwealth inquired of her about a conversation between her and one Baker, a witness for the Commonwealth, and whether she had not told him that her son was guilty, and she would advise him to plead guilty. She denied having said so, and stated what she did say in that conversation. The defendant reëxamined her as to what Baker had said. The Commonwealth then offered to show by Baker that she told him that her son was guilty, and she would advise him to plead guilty. The defendant objected ; but the judge allowed Baker to testify only to her saying that the defendant was guilty, as tending to contradict her testimony that she had not seen him overdriving the horse.

The defendant asked the judge to instruct the jury as follows : " The Commonwealth must prove not only that the defendant has overdriven this horse, but that he knew he was overdriving, and actually intended to do so. It is not enough to show that the defendant ought to have known that this horse was overdriven, but it must appear that he actually did know, and intended to do it. If he was not accustomed to have to do with horses, and not acquainted with the proper mode of treating them, this is to be considered by the jury in deciding whether he actually intended to overdrive this horse."

The judge declined to give these instructions as requested, and instead thereof instructed the jury " that the Commonwealth must prove that the defendant overdrove the horse knowingly and intentionally ; that the defendant, like all other men, was presumed to know what he did, and to intend the natural and necessary results of his acts ; that if, in the proper exercise of his

own judgment, he thought he was not overdriving the horse, he must be acquitted; and that upon these instructions the jury might come to the conclusion that it was a question of fact to be determined by the result to which they should come as to the truth respectively of the testimony introduced by the Commonwealth and by the defence."

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*H. N. Sheldon*, for the defendant.

*J. C. Davis*, Assistant Attorney General, for the Commonwealth.

AMES, J. The evidence that the owners of the stable had been requested, on a former occasion, not to let horses to the defendant, was properly excluded. The question for the jury was whether he committed the offence charged against him ; not whether it was discreet or judicious to give him the opportunity to commit it.

The defendant's mother, being called by him, had testified that she had seen him driving the horse, and that he was not then overdriving. It was within the ordinary limits of cross-examination for the prosecution to ask her whether she had not said, in speaking of the case, that the defendant was guilty. Upon her answering this question in the negative, she was reëxamined by the defendant, as to the alleged conversation. In this state of things, it was competent for the prosecution to prove that she had said so, by way of contradiction of her former statement.

The instructions asked for were properly refused. It was not necessary to prove that the defendant's purpose was to torture or to inflict pain and suffering upon the animal. Pain inflicted in wanton and reckless disregard of the suffering it might occasion, and of the consequences it might produce, would be equally criminal under the statute. The instructions given to the jury were all that the defendant was entitled to. The jury were told that "if, in the proper exercise of his own judgment, he thought he was not overdriving the horse, he must be acquitted," and that he could not be convicted unless upon proof that he knowingly and intentionally overdrove. A "proper exercise of his own

judgment " means the honest exercise of his judgment, as distin-
guished from mere recklessness of consequences, or wilful cruelty.
Under such instructions, the jury would be required to consider
his alleged inexperience and want of knowledge as to the proper
treatment of horses. Their verdict imports that " knowingly
and intentionally " he did wilfully and cruelly overdrive the horse
See *Commonwealth* v. *Lufkin*, 7 Allen, 579.

*Exceptions overruled.*