COMMONWEALTH *vs.* ANSON C. MAGOON.

Worcester.    October 7, 1898. — November 23, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Cruelty to Horse — Instructions — Intent.*

At the trial of a complaint under Pub. Sts. c. 207, § 53, for cruelty to a horse, the defendant took no exceptions to the instructions to the jury, which were, in substance, that severe pain inflicted upon an animal without justifiable cause, and with reasonable cause to know that it is produced by the wanton or reckless conduct of the person occasioning it, is cruel, and the fact that the defendant did not intend to violate the statute is not a defence, if he acted with wanton and reckless disregard of the feelings and suffering of the horse. The defendant excepted to the refusal to give the following rulings which he requested: "1. The motive of a person who inflicts pain upon an animal, in determining the criminality of the act, may be material. Pain inflicted for a lawful purpose, and with a justifiable intent, though severe, does not come within the statute meaning of 'cruel.' 2. If a defendant, in the proper exercise of his own judgment, honestly thinks he is not being unnecessarily cruel, he must be acquitted. 3. It must appear that the defendant knowingly and willingly was unnecessarily cruel." *Held*, that the first request was rightly refused, the instructions given and not excepted to having dealt properly with the defendant's intention, though not in the terms of the request. *Held, also,* that the other requests were also properly refused, as the defendant's guilt did not depend upon whether he thought he was unnecessarily cruel, but upon whether he was so in fact.

COMPLAINT to the Second District Court of Eastern Worcester, under Pub. Sts. c. 207, § 53, alleging that the defendant, on March 26, 1898, " at Boylston, in the County of Worcester, did torture a certain animal, to wit, a horse, by then and there

carrying it in and upon a vehicle in an unnecessarily cruel manner."

At the trial in the Superior Court, before *Dewey*, J., the jury returned a verdict of guilty ; and the defendant alleged exceptions, which appear in the opinion.

*M. M. Taylor*, for the defendant.

*H. Parker*, District Attorney, ( *G. S. Taft*, Assistant District Attorney, with him,) for the Commonwealth.

BARKER, J. The defendant, having bought a sick horse, carried it upon a wagon some eight or ten miles from the place where he had purchased the horse to his home. He concedes that there was evidence that in carrying the horse it was greatly and unnecessarily injured and wounded, and that from the evidence his intent to be cruel and his knowledge that he was cruel might both be inferred. On the other hand, there was evidence that the horse, although injured and sore when purchased, lay comfortably while being carried, was not injured or wounded by being carried, and gave no signs of suffering while being carried; also that the defendant did all he could for its comfort while carrying it, and that his purpose in buying the horse and carrying it to his home was to cure the horse, and that he did not intend to be cruel to it, or to hurt it unnecessarily, and that in the honest exercise of his judgment he did not think he was unnecessarily cruel in carrying the horse as he did, but thought he was good to the horse and did not want to hurt it.

He took no exception to the instructions given to the jury,[*] but excepted to the refusal to give the following rulings, which he requested :

" 1. The motive of a person who inflicts pain upon an animal, in determining the criminality of the act, may be material. Pain inflicted for a lawful purpose, and with a justifiable intent, though severe, does not come within the statute meaning of ' cruel.'

---

[*] The judge instructed the jury, in substance, that severe pain inflicted upon an animal is cruel, if inflicted without any justifiable cause, and with reasonable cause to know that it is produced by the wanton or reckless conduct of the person who occasioned it; and the fact, if it be a fact, that the defendant did not intend to violate the statute is not a defence, if he acted with wanton and reckless disregard of the feelings and suffering of the horse.

" 2. If a defendant, in the proper exercise of his own judgment, honestly thinks he is not being unnecessarily cruel, he must be acquitted.

" 3. It must appear that the defendant knowingly and willingly was unnecessarily cruel."

The first request is founded upon language used by Mr. Justice Hoar in *Commonwealth* v. *Lufkin*, 7 Allen, 579, at page 582, in dealing with the right to inflict pain as part of or as incident to an attempted cure, and, while it might properly be given as an instruction if the acts causing pain were part of an attempted cure, it would have been misleading to the jury in the case at bar. The defendant's contention here was that his purpose and intent were to cure the horse, and the ruling requested was calculated to make the verdict turn upon the question whether he intended to cure the horse, while the real issue was whether his transportation of the horse, which was not necessarily any part of an attempted cure, was lawful or criminal. If his acts intended as part of a cure inflicted unnecessary pain, he might be found guilty. The request was rightly refused, the instructions given and not excepted to having dealt properly with the defendant's intention, though not in the terms of the request.

The other requests were also properly refused. The defendant's guilt did not depend upon whether he thought he was unnecessarily cruel, but upon whether he was so in fact. It need not appear that he knew that he was cruel, and that he was willing to be so, but only that he intentionally and knowingly did acts which were plainly of a nature to inflict unnecessary pain, and so were unnecessarily cruel. *W——* v. *W——*, 141 Mass. 495. *Commonwealth* v. *Gilbert*, 165 Mass. 45, 59. The proper exercise of one's own judgment must, as is pointed out in *Commonwealth* v. *Wood*, 111 Mass. 408, 411, be distinguished from wantonness or recklessness of consequences.

*Exceptions overruled.*