COMMONWEALTH *vs.* HAROLD L. DELGADO, SR. August 27, 1974. The defendant was convicted on each of three indictments after a jury trial held pursuant to G. L. c. 278, §§ 33A-33G. He has assigned as error the denial of motions for a directed verdict on the first count of Indictment No. 42321, which charged him with armed robbery by means of a gun; on the first count of Indictment No. 42322, which charged him with committing an assault with the same weapon in the course of the robbery; and on Indictment No. 42323, which charged him with the larceny of a motor vehicle. Other assignments of error, not having been argued in the defendant's brief, are deemed waived. Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 (1972). The defendant was sentenced to a term of imprison-

ment on the armed robbery conviction, and the other indictments were placed on file. The evidence pertinent to a consideration of the defendant's motion for a directed verdict on the armed robbery indictment was as follows. On the evening of May 12, 1972, the defendant and three other men entered a grocery store in New Bedford. The only other person then present in the store was the night manager, Robert Braga. One of the men jumped over a counter, grabbed Braga, and held a knife to his side. Another man then went to the cash register and took money from it. When Braga moved toward the register in response to an order given by one of the robbers, the defendant, who had been standing in front of the register, said "Hold him or I'm going to shoot him." Braga could not see the defendant's hands and did not see him or any of the other robbers display a gun. After the money had been taken from the register, the men ran out of the store. The defendant's motion for a directed verdict was based solely on the contention that there was not sufficient evidence for the jury to find that he was armed with a gun as charged in the indictment. We believe, however, that the jury could reasonably interpret the defendant's statement as an admission that he possessed a gun and was prepared to use it. Moreover, this court held in the case of *Commonwealth* v. *Tarrant, ante,* 483 (1974), that the offense of armed robbery (as distinguished from simple robbery; compare G. L. c. 265, § 17 and § 19) is established by evidence that the defendant gave the reasonable appearance of being armed. Applying that standard, the evidence introduced in the case at bar clearly was sufficient to convict the defendant, and his motion was properly denied. As Indictments Nos. 42322 and 42323 were placed on file, we have no occasion to consider the assignments of error relating to them. *Commonwealth* v. *Locke,* 338 Mass. 682, 684 (1959). *Commonwealth* v. *Subilosky,* 352 Mass. 153, 165 (1967). The approach taken in *Commonwealth* v. *Boone,* 356 Mass. 85, 88 (1969), is not appropriate here as we do not sustain the defendant's appeal from his conviction under Indictment No. 42321, the sole charge upon which judgment was entered.

*Judgment affirmed.*

*John F. Palmer* for the defendant.

*Philip A. Rollins,* District Attorney, & *Lance J. Garth,* Assistant District Attorney, for the Commonwealth, submitted a brief.