COMMONWEALTH *vs.* JOHN R. DeROME. July 3, 1978. 1. We hold that there was error in the denial of the defendant's motion for a directed verdict on the indictment for arson of a dwelling house. It is our conclusion that the defendant's conviction on that indictment was based on no more than suspicion or conjecture. *Commonwealth* v. *Fancy*, 349 Mass. 196, 200 (1965). *Commonwealth* v. *Murphy*, 1 Mass. App. Ct. 71, 76-77 (1973).The evidence failed to show that the fire resulted from advance planning or whether one, or more than one, individual participated in its setting. Contrast *Commonwealth* v. *Dupont*, 2 Mass. App. Ct. 566, 574-575 (1974); *Commonwealth* v. *Drew*, 4 Mass. App. Ct. 30, 31-32 (1976). Moreover the evidence was insufficient to warrant a finding that the defendant had either set the fire or participated in a joint enterprise with others to set it. *Commonwealth* v. *Murphy, supra.* Contrast *Commonwealth* v. *Mangula*, 2 Mass. App. Ct. 785, 789 (1975); *Commonwealth* v. *Gallagher*, 4 Mass. App. Ct. 661, 663-664 (1976). Although three young males were observed "running up the street" in the vicinity of the cleaners shortly before the fire was discovered, those individuals were unidentified. 2. It is also our conclusion that there was error in the denial of the defendant's motion for a directed verdict on the indictment which alleged that the defendant "in the night time did break and enter the building of Herbert Turin ... with intent therein to commit a felony." The evidence was undisputed that the only break which occurred was in the second floor of the building in an area leased to the defendant's brother, that one

Plotkin was the owner of the entire building, that Turin's interest in the building was limited to his occupancy of a portion of the first floor in which he operated a cleaning establishment, and that the break, which was effected by the removal of a wall panel, was into a plumbing access area and not into a part of Turin's cleaning establishment on the floor below. Contrast *Commonwealth* v. *Kalinowski,* 360 Mass. 682, 684 (1971). A verdict should have been directed for the defendant because there was a variance between the allegations of the indictment and the proof. The judgments on the indictments for arson and for breaking and entering are reversed; the verdicts are set aside and judgments are to be entered for the defendant.[1]

*So ordered.*

The case was submitted on briefs.
*Robert Cordy* for the defendant.
*John J. Droney,* District Attorney, & *James W. Sahakian,* Assistant District Attorney, for the Commonwealth.

---

[1] The defendant was convicted also of wilful injury to a building; but that indictment was placed on file, the defendant not objecting thereto. *Commonwealth* v. *Delgado,* 2 Mass. App. Ct. 865 (1974).