COMMONWEALTH vs. LEO J. CULLINAN, JR. April 11, 1980. The defendant was convicted of armed assault with intent to murder, unlawfully carrying a firearm, and intimidation of a witness. The witness was the person who had been the target of the assault, and there was evidence that each of the charges arose from the defendant's rage at the victim's having refused to loan the defendant his truck. 1. There was no error in refusing severance of the intimidation charge on the ground that it was remote in time (thirteen days later) from the other offenses. All charges involved the same persons, and the separate incidents were part of a single course of conduct. *Commonwealth v. Cruz*, 373 Mass. 676, 690 (1977), and cases cited. *Commonwealth v. Drew*, 4 Mass. App. Ct. 30, 33 (1976). 2. The only evidence concerning the assault was that the victim drove his truck into an empty parking lot late at night and got out to urinate; that the defendant, inferrably following him, sneaked up behind him on foot, shot and wounded him from a distance of four or five feet, and then fled. No gun was found in the parking lot. On this evidence the judge ruled correctly in denying the motion for a directed verdict based on *Commonwealth v. Atencio*, 345 Mass. 627, 631 (1963), and *Commonwealth v. Osborne*, 5 Mass. App. Ct. 657, 658-659 (1977). Not only did this evidence warrant an inference that the defendant carried a gun to the shooting; it was scarcely possible to infer otherwise. 3. The judge did not err in refusing to charge the jury on the distinction between carrying a firearm and mere "fleeting possession." The judge was not required to charge on a hypothesis which was not supported by the evidence. *Commonwealth v. Kleciak*, 350 Mass. 679, 691 (1966). *Commonwealth v. Johnson*, 379 Mass. 177, 180 (1979). 4. In choosing whether to credit the victim's testimony that he saw the defendant shoot him or the alibi testimony which placed the defendant at the time of the shooting at a bar in another city, the jury would not have been assisted by the requested instruction that "[w]hen the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof." 5. The evidence concerning the defendant's possession of a firearm three days before the shooting was admissible to show that the defendant possessed the means to commit the assault. *Commonwealth v. Watkins*, 375 Mass. 472, 491 (1978).

*Judgments affirmed.*

*John C. McBride* for the defendant.

*Pamela L. Hunt,* Legal Assistant to the District Attorney, for the Commonwealth.