COMMONWEALTH *vs.* MACARTHUR POWELL. October 17, 1983. *Assault. Robbery. Practice, Criminal,* Deliberation of jury. *Error,* Harmless.

The appeal is from convictions by a Superior Court jury on five complaints framed under G. L. c. 265, § 18, as in effect prior to St. 1981, c. 678, § 3. 1. There is no genuine question as to the sufficiency of the evidence to warrant a rational jury (*Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 [1979]) in concluding beyond a reasonable doubt that the defendant was guilty of the offence charged in each of the complaints. In particular, the gesture made by the defendant in response to the statement of robber number one that the defendant had a gun, when taken in conjunction with the evidence of the opportunity the defendant had to dispose of a gun after he fled in the dark and turned left into Forsyth Street, causes this case to be governed by *Commonwealth* v. *Delgado,* 2 Mass. App. Ct. 865, 866 (1974), *S.C.,* 367 Mass. 432, 433-434, 435-437 (1975), rather than by *Commonwealth* v. *Howard,* 386 Mass. 607, 607, 609-611 (1982). 2. We will not assume and are not persuaded that the defendant was prejudiced by a court officer's taking it upon himself to answer the jury's question as to whether they could have a transcript of the testimony of a few of the witnesses during the course of their deliberations. Compare *Leach* v. *Wilbur,* 9 Allen 212, 213-214 (1864). Contrast *Commonwealth* v. *Donovan,* 15 Mass. App. Ct. 269, 272-273 (1983). As appears from the transcript of the lobby conference which the judge promptly conducted with all counsel, the answer which the officer gave ("The judge told you that the record is taken in stenotype and there's no way we can give you a transcript") accurately reflected the substance of what the judge had previously told the jury in the course of the charge. The conclusion is inescapable that, if the judge had been asked to bring the jury in, he would have reiterated what the officer had just told them.

*Judgments affirmed.*

*Bernard Grossberg* for the defendant.

*John N. Tramontozzi,* Assistant District Attorney, for the Commonwealth.