COMMONWEALTH *vs.* RUDY S. HASTINGS. May 29, 1986. *Practice, Criminal,* Required finding, Duplicitous convictions. *Rape. Assault and Battery by Means of a Dangerous Weapon.*

The defendant was tried without a jury and convicted on indictments charging aggravated rape and assault and battery by means of a dangerous weapon. He appeals, asserting that the judge erred in denying his motion, filed at the close of the Commonwealth's case, for a required finding of not guilty on so much of the indictment for rape as alleged "aggravated" and so much of the indictment for assault and battery as alleged "by means of a dangerous weapon."

We have little difficulty concluding that the Commonwealth presented sufficient evidence to convince a rational trier of fact of each element of the two offenses beyond a reasonable doubt. See *Commonwealth* v. *Latimore,* 378 Mass. 671, 676 (1979). We sketch briefly some of the salient facts as related by the victim. The defendant approached the victim on a public way, put his arm around her neck, and threw her into his car. He then entered the car and sat on her legs. The defendant said he had a knife, and the victim felt a sharp object on her neck. Later she felt a sharp object against her chest. The defendant removed much of her clothing and inserted his fingers and penis into her vagina.[1]

As the trier of fact properly could find beyond a reasonable doubt that the defendant had had a knife, there was no error in denying the motion with regard to the assault and battery by means of a dangerous weapon offense. See *Commonwealth* v. *Appleby,* 380 Mass. 296, 312 (1980). See also Liacos, Massachusetts Evidence 275 (5th ed. 1981).

The defendant makes much of the fact that the victim never saw the knife. The answer to the defendant's contention is found in *Commonwealth* v. *Delgado,* 367 Mass. 432, 437 (1975), the reasoning of which controls in the instant circumstances.[2] See also *Commonwealth* v. *Tarrant (No. 2),* 14 Mass. App. Ct. 1022, 1023 (1982); *Commonwealth* v. *Powell,* 16 Mass. App. Ct. 1016 (1983); *Commonwealth* v. *Foley,* 17 Mass. App. Ct. 238, 239 (1983). Contrast *Commonwealth* v. *Howard,* 386 Mass. 607, 609-610 (1982).

---

[1] Of course, the insertion of either one offends against G. L. c. 265, § 22. See, e.g., *Commonwealth* v. *Gallant,* 373 Mass. 577, 584 (1977).

[2] "The [trier of fact] could reasonably conclude that the defendant should be taken at his word." *Commonwealth* v. *Delgado,* 367 Mass. at 437.

Nor do we have cause to pause over the defendant's claim that there was insufficient evidence of the essential elements of aggravated rape. The evidence established that the defendant compelled the victim to have sexual intercourse by force and against her will. See *Commonwealth* v. *Grant*, 391 Mass. 645, 650 (1984). The assault and battery by means of a dangerous weapon (G. L. c. 265, § 15A) provided the essential predicate for the "aggravated" aspect.

Similarly, there is no merit in the defendant's contention (on appeal) that he was entitled to a required finding of not guilty because due to the strength of his testimony the "Commonwealth's case deteriorated between the time the Commonwealth rested and the close of all the evidence." *Commonwealth* v. *Cullen*, 18 Mass. App. Ct. 644, 652 (1984) (Kass, J., dissenting). See *Commonwealth* v. *Kelley*, 370 Mass. 147, 150 n.1 (1976). "Deterioration" does not mean a conflict in the evidence which arises in the course of the defendant's case.[3] See *Commonwealth* v. *Sevieri*, 21 Mass. App. Ct. 745, 750 n.9 (1986). Such a conflict in the evidence, as is asserted here, is "for the [trier of fact] to sort out and is not material to the directed verdict issue." *Commonwealth* v. *Walter*, 10 Mass. App. Ct. 255, 260-261 (1980). See also *Commonwealth* v. *McGahee*, 393 Mass. 743, 750 (1985) (inconsistencies do not render the testimony legally insufficient but only raise issues of credibility for the trier of fact to decide).

The defendant also contends that his conviction of assault and battery should be set aside because the acts relied on by the prosecution were merely incidental to the rape and thus merged therein. Apart from the defendant's failure to file a postverdict motion to dismiss that indictment (see *Commonwealth* v. *Hamm*, 19 Mass. App. Ct. 72, 80-81 [1984]), the short answer to the defendant's contention is that on the facts presented here the assault and battery by means of a dangerous weapon was not merely incidental to the crime of aggravated rape.[4] There was sufficient evidence concerning the defendant's use of a knife to warrant the jury in finding that an assault and battery had occurred separate and apart from the rape. See *Commonwealth* v. *Vasquez*, 11 Mass. App. Ct. 261, 267-268 (1981). See also *Commonwealth* v. *Sumner*, 18 Mass. App. Ct. 349, 352-353 (1984).

*Judgments affirmed.*

*Carlo Obligato*, Committee for Public Counsel Services, for the defendant.

*Daniel P. Napolitano*, Assistant District Attorney, for the Commonwealth.

---

[3] It goes without saying that the trial judge was not obliged to credit the defendant's denial of his having (as well as using) a knife. Cf. *Commonwealth* v. *Mosby*, 11 Mass. App. Ct. 1, 18-19 (1980).

[4] Deciding as we do, we thus have no occasion to analyze the issues in a manner similar to that recently employed in *Commonwealth* v. *Rivera*, 397 Mass. 244, 252-254 (1986). See also *Salemme* v. *Commonwealth*, 370 Mass. 421, 424 (1976).