COMMONWEALTH *vs.* LAWRENCE HUDSON. No. 87-1410. July 14, 1988.
*Firearms. Evidence,* Cross-examination. *Practice, Criminal,* Argument by prosecutor. *Error,* Harmless.

The defendant was convicted of unlawfully carrying a firearm on his person, G. L. c. 269, § 10 (a).[1] He claims on appeal that: (1) there was insufficient evidence that he carried the firearm at issue; and, alternatively, (2) questions and argument by the prosecutor concerning the defendant's silence after arrest require a new trial. We conclude that there was sufficient evidence on the carrying charge but that there must be a new trial because of improper questioning and argument by the prosecutor.

1. There was evidence from which the jury could have found the following facts beyond a reasonable doubt. The defendant approached the victim's automobile on the passenger side while it was parked on Hallworthy street in the Dorchester section of Boston. After some conversation with the victim's wife about drugs, the defendant grabbed at the twenty dollar bill which she held in her hand and shot her in the chin. The bullet left her body and entered the victim's body, lodging in his leg. The defendant had been driving a beige Chrysler with a woman passenger, and the victim had held a conversation with him before the shooting about moving the automobile. Shortly after the shooting, the beige Chrysler struck a parked car belonging to a resident of Hallworthy Street who had heard two shots and then had observed the accident from her apartment window. She called the police and then went to examine her automobile. Another resident had also observed the accident and the Chrysler leaving the scene. He gave the owner of the automobile which was struck a partial license plate number, 62088, which was conveyed to the police on the scene. A police officer, after

---

[1] The judge entered required findings of not guilty of armed assault with intent to murder a person over sixty-five, unlawfully carrying a firearm in a vehicle, and armed assault with intent to rob a person over sixty-five. The jury acquitted the defendant of assault and battery by means of a dangerous weapon, armed assault with intent to murder, armed assault with intent to rob, and assault and battery by means of a dangerous weapon on a person sixty-five years or older.

hearing broadcasts about the shooting and accident, followed and stopped a beige Chrysler which had extensive damage to the rear passenger side and which bore a license plate number 662088. One of the police officers who arrived to assist found a gun in an open purse in the front seat of the automobile. The defendant and his companion were taken to Boston City Hospital, where the victim identified the defendant as the man who had shot him and the woman as his companion in the beige Chrysler. The victim's wife was unable to make the requested "one hundred percent sure" identification of either person. The gun found was a working firearm, and the bullet taken from the victim's leg matched the one test fired by the police. The victim identified the defendant at trial as the latter sat in the back of the courtroom with three other black men.

The jury could infer that the defendant carried the gun to the victim's automobile, where he shot the victim's wife, and then back to his own vehicle, where he attempted to hide it in his companion's purse. See *Commonwealth* v. *Cullinan*, 9 Mass. App. Ct. 895 (1980). The evidence at the point when the Commonwealth rested was sufficient to meet the standard of *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979).

The defendant's evidence that another man shot the victim and that the man sought refuge in the defendant's car, where he left the gun, did not cause the Commonwealth's case to deteriorate. See *Commonwealth* v. *Kelley*, 370 Mass. 147, 150 n.1 (1976). " 'Deterioration' does not mean a conflict in the evidence which arises in the course of the defendant's case." *Commonwealth* v. *Hastings*, 22 Mass. App. Ct. 930, 931 (1986). Such a conflict is for the jury to sort out. *Id.*

There is no merit to the defendant's claim that the guilty verdict indicates jury confusion. The judge's instructions on the carrying charge were clear, complete and correct.

2. During cross-examination of the defendant, the prosecutor improperly inquired, without objection, about the defendant's failure to tell his exculpatory story to the police following his arrest. See *Doyle* v. *Ohio*, 426 U.S. 610, 618 (1976). The defendant responded that he had had no opportunity to do so. Suggesting later contrivance, the prosecutor argued, again without objection, the point of the defendant's postarrest silence to the jury. The judge astutely recognized the problem which counsel apparently had not and suggested a curative instruction be included in his final charge. The defendant's counsel proposed that the jury be told not to draw any adverse inference from the defendant's silence. After consultation with the defendant, his counsel acceded to the judge's instruction that the defendant had, in the circumstances, a constitutional right to remain silent and the jury could draw no adverse inference from his silence. We look to see whether there is a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. 10, 16, 21 (1986).

At oral argument, the Commonwealth, relying on *Morgan* v. *Hall*, 569 F.2d 1161 (1st Cir. 1978), see *Commonwealth* v. *Morgan*, 369 Mass. 332,

338-344 (1975)[2], correctly confessed error in the prosecutor's questions and argument, thus necessitating a new trial. The issue is one of Federal constitutional dimension. See *Doyle* v. *Ohio, supra.* A curative instruction, standing alone, is not enough to render the error harmless. See *Morgan* v. *Hall, supra* at 1167-1168, and cases cited. This is not a case where the defendant presented an exculpatory version of events which his silence would not impeach. *Id.* The defendant's attempts at explanation of his silence do not alter the result. "[P]ermitting the defendant to explain the reasons for his silence is unlikely to overcome the strong negative inference that the jury is likely to draw from the fact that the defendant remained silent at the time of his arrest." *United States* v. *Hale,* 422 U.S. 171, 180 (1975). As in *Morgan,* "the question of guilt and credibility were inextricably bound together." 569 F.2d at 1168. The defendant's story, if believed, would have placed the gun in the hands of another. Nor is this a case where the evidence of guilt was overwhelming, as shown by the verdicts of the jury. See *Morgan* v. *Hall, supra* at 1167-1168, and cases cited.

*Judgment reversed.*

*Verdict set aside.*

*Sharon B. Soffer,* Assistant District Attorney, for the Commonwealth.
*John R. Pierce* for the defendant.

---

[2] Neither case was cited in the appellate briefs or brought to the attention of the trial judge.