COMMONWEALTH *vs.* DAVID H. TURNER. No. 88-P-1092. November 20, 1989. *Burglary. Breaking and Entering. Practice, Criminal*, Required finding.

The defendant was convicted by a jury of breaking and entering a dwelling in the night time with intent to commit a felony, being armed with a dangerous weapon and committing an assault (armed burglary); possession of burglarious implements; as well as two acts of assault by means of a dangerous weapon. An essential element of armed burglary is that it must occur during the night time.[1] By G. L. c. 278, § 10, "night time" is defined as "the time between one hour after sunset on one day and one hour before sunrise on the next day . . . ." The defendant moved for a required finding of not guilty on, amongst others, the armed burglary indictment, claiming that the Commonwealth failed to introduce sufficient evidence to prove that the break occurred during the night time. The motion was denied and the defendant has appealed.[2]

---

[1]General Laws c. 266, § 14, states, in pertinent part: "Whoever breaks and enters a dwelling house in the night time with intent to commit a felony, or whoever, after having entered with such intent, breaks such dwelling house in the night time . . . shall be punished. . . ."

[2]On appeal, the defendant challenges only his conviction of armed burglary. He also claims that the judge committed error when he refused to instruct the jury on the lesser-included offense of breaking and entering in the daytime with intent to commit a misdemeanor. Defense counsel stated,

In considering the denial of the motion for a required finding of not guilty, we must decide whether there was enough evidence concerning the time of the break to satisfy a rational trier of fact beyond a reasonable doubt that it occurred during the night time. *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979).

We view the evidence in the light most favorable to the Commonwealth. At the time of the crime, the defendant was an inmate at the prison farm in Enfield, Connecticut. While there, he met Patricia Jones (fictitious name), a volunteer counselor in a prison pre-release program. Patricia lived in a house in Springfield, Massachusetts. It was her home that was the subject of the break by the defendant.

Some time after they had met, Patricia attempted to terminate her relationship with the defendant because the defendant persisted in expressing his romantic feelings towards her. After her rejection, he tried to communicate with her by letter and telephone on numerous occasions, but she shunned these continued advances. On August 17, 1985, some time before 7:15 P.M., the defendant walked away from the prison farm. He obtained a ride to Springfield and broke into Patricia's house.[3]

On the day of the defendant's escape, Patricia left her home in late afternoon to visit a friend in a nearby town. While there, she received a telephone call from another friend urging her to return home as the defendant had escaped. Before leaving, Patricia telephoned the Springfield police for assistance in securing her home before she reentered it. She arrived at home at about 11:00 P.M., accompanied by a friend. She was met by Springfield police officers who searched the first floor and the area around the house for the defendant. They found nothing and left.[4]

Because Patricia was afraid that the defendant might arrive at her house, her friend decided to spend the night with her. Around midnight, the two women started to hear noises coming from somewhere in the house. They first heard "scratching" and then "creeping" noises. The noises could be heard the loudest in Patricia's mother's empty bedroom located directly under the attic. There were two windows in the attic. One

---

at argument, that we do not have to reach this issue if we find no error on the required finding claim. In any event, there was no error.

[3]The defendant testified that he left the prison between 5:30 and 6:00 P.M., and that he then obtained a ride to Springfield which took him directly to Patricia's house. He arrived there at about 6:30 and 7:00 P.M., when it was still daylight. The Commonwealth's case did not deteriorate between the time it rested and the close of all the evidence as a result of the defendant's testimony. " 'Deterioration' does not mean a conflict in the evidence which arises in the course of the defendant's case." *Commonwealth* v. *Hastings*, 22 Mass. App. Ct. 930, 931 (1986).

[4]The home had an alarm system for the entrances on the first floor. Patricia had set the alarm prior to leaving for her friend's house. The system was undisturbed when she returned home at 11:00 P.M.

contained a fan locked into the frame by a screw. The second window was closed but unlocked. It was covered by a locked screen. When the sounds persisted, Patricia called the police. Again, the police searched the premises, but not the attic. They found nothing and left.

After the police departed, the two women heard "footsteps" and other "indescribable" noises that were not ordinary household sounds. The police were called and searched the premises for the third time. This time they searched the attic and at about 2:45 A.M., they found the defendant crouched behind some boxes. When the defendant was discovered, he had in his possession a screwdriver, a hacksaw blade, and two blades from a pair of hedge cutters. He had gained entry into the house by slitting the locked window screen in the attic and then opening the window.

The Commonwealth failed to introduce any direct evidence of the time of the break-in. The defendant argues that the Commonwealth's evidence on the "night time" element of the crime amounted only to a showing that the break-in occurred some time between about 6:00 P.M. and 11:00 P.M., a period of time which includes both "night time" and day time hours, and considering the month (August), probably more of the latter. He claims, therefore, that because it was equally possible that the break occurred in the day time as the night time, the Commonwealth failed to sustain its burden of proving the "night time" element beyond a reasonable doubt. *Commonwealth* v. *Fancy*, 349 Mass. 196, 200 (1965)("When the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof"). We disagree.

Here, there was evidence that a "scratching" noise was heard around midnight. The sound was loudest in a room directly underneath the attic and was followed by "creeping" and then "footstep" noises. The defendant was later found in the attic with instruments capable of slitting a screen. The jury could reasonably infer that the "scratching" sound heard by the women around midnight was caused by the defendant slitting the window screen and opening the window. They could also infer that the subsequent sounds resulted from the entrance of the defendant into the attic. Therefore, we conclude that the evidence, including the rational inferences from that evidence, was sufficient to permit a rational jury to find beyond a reasonable doubt that the break occurred during the night time.

*Judgment affirmed.*

*Eric Brandt*, Committee for Public Counsel Services, for the defendant.

*Elizabeth R. Dunphy*, Assistant District Attorney, for the Commonwealth.