COMMONWEALTH vs. GARY NEWMAN.

No. 90-P-1202.

Middlesex. December 6, 1991. - February 18, 1992.

Present: BROWN, KASS, & GILLERMAN, JJ.

*Conflict of Interest. Public Officer. Agency,* What constitutes.

At the trial of an indictment under G. L. c. 268A, § 4 (*c*), charging conflict of interest, evidence that the defendant, while an employee of the Department of Youth Services with responsibility for holding a certain youth in custody, had solicited and received from the youth's sister money with which he agreed to post her brother's bail was sufficient to warrant the jury in finding that the defendant had entered into an agency relationship violative of the statute. [150-151]

To convict a defendant charged under G. L. c. 268A, § 4 (*c*), with conflict of interest, it was not necessary that the jury find that any benefit inured to the defendant as a result of his unlawful conduct. [151]

INDICTMENT found and returned in the Superior Court Department on September 28, 1989.

The case was tried before *Patti B. Saris*, J.

*Kenneth I. Seiger* for the defendant.

*Pamela Scarlatelli*, Assistant District Attorney, for the Commonwealth.

BROWN, J. The defendant, a State employee, appeals from convictions on an indictment charging two counts of conflict of interest.[1] See G. L. c. 268A, § 4(*c*) (1988 ed.). The defendant, a caseworker for the Department of Youth Services (DYS), was alleged to have taken money from a family member of a youth committed to the DYS. The defendant's

---

[1]The defendant was found not guilty on two related offenses of larceny by false pretenses.

motion for a required finding of not guilty, made at the close of the Commonwealth's case, was properly denied.[2]

The defendant's specific quarrel here is focused on the following language in § 4(*c*):

> "No state employee shall, otherwise than in the proper discharge of his official duties, act . . . as *agent* or attorney for anyone in connection with any particular matter in which the Commonwealth or a state agency is a party or has a direct and substantial interest" (emphasis supplied).

The defendant claims that the record does not support the requisite finding of the existence of an agency relationship. We disagree.

We incorporate into our discussion only such facts as are minimally necessary to sustain our conclusion that the defendant's actions fall within the concept of agency relevant to these circumstances.[3]

In April, 1988, the defendant was assigned a case involving a youth named John[4] who had been committed to DYS custody. John escaped from DYS custody and was not apprehended until he was arrested in September, 1988. Upon DYS becoming aware of John's arrest, the defendant on November 2, 1988, filed a detainer to prohibit him from escaping from custody.[5] On November 4, 1988, the defendant went to the home of John's sister and asked her for $5,000 to post bail for her brother. Release of John on bail would have been contrary to the policy of DYS implicit in the detainer. Because the sister stated that she did not have the full amount, the defendant took $2,000 from her, which they agreed

---

[2]A similar motion made at the close of all the evidence also was properly denied. See *Commonwealth* v. *Hastings*, 22 Mass. App. Ct. 930, 931 (1986), and cases cited.

[3]We summarily dismiss the defendant's version of the events (as well as what was his stated intent) because the jury certainly were not obliged to credit his testimony.

[4]We use a pseudonym.

[5]A detainer is filed to block a youth who is already committed to the custody of the DYS from posting bail and being released.

would be used to secure the release of her brother.[6] The sister contacted the defendant on November 10, 1988, to find out why her brother had not been released. She told the defendant at that time that she had an additional $500 to put toward the amount he previously had requested for her brother's bail. The defendant visited the sister on November 10, 1988, and took the additional $500 from her, promising her again that her brother would be released. The defendant contacted the sister one more time and requested an additional $500 for her brother's release. The defendant had the sister follow him to a District Court to retrieve the $500 that she had posted there on an unrelated charge so that she might give it to him. The sister refused to give the defendant any more money.

1. The defendant and the sister agreed on November 4, 1988, that the defendant would use the money to post bail for John. The collection and posting of bail is a matter in which the State has an interest. An agency relationship was created in these circumstances, whereby the defendant, by agreement, acting on behalf of the sister was to post her brother's bail with the money he received from her. This is precisely the sort of behavior the statute has been interpreted to prohibit. See *Commonwealth* v. *Cola*, 18 Mass. App. Ct. 598, 610-611 (1984), habeas corpus granted on other grounds sub nom. *Cola* v. *Reardon*, 787 F.2d 681 (1st Cir. 1986), where this court stated that § 4(*c*) comes into play when there is a palpable link between the private person doing business with the government and the government employee, whereby the latter is bound — or appears to be bound — to speak and act on behalf of the former.

2. The defendant's argument that his conduct does not meet the statutory purposes of G. L. c. 268A, § 4(*c*), is off the mark. The statute speaks to the potential for divided loyalties that may result from acting for a private interest while employed by the Commonwealth. This is precisely the type of temptation or conflict that the defendant was faced with

---

[6]The defendant makes much of the receipt he gave the sister for the money. For purposes of our analysis, the fact is irrelevant.

when he accepted the money from John's sister. The defendant was holding bail money for a private individual while his position required that he attempt to keep John in custody. See *Commonwealth* v. *Cola*, 18 Mass. App. Ct. at 611.

3. The defendant's final argument, made for the first time on appeal, that the judge's instructions were flawed is without merit. The defendant's specific complaint is that the judge failed to instruct the jury that the statute (i.e., § 4[c]) requires that some form of private interest or benefit inure to the employee. The short answer to that contention is that there is no such statutory requirement. The judge did not err, let alone create a substantial risk of a miscarriage of justice.

*Judgments affirmed.*