COMMONWEALTH vs. NORMAN P. ZALESKY, JR. No. 08-P-637. May 18, 2009. *Animal.*

After a jury-waived trial in the District Court, the defendant was convicted of cruelty to an animal, in violation of G. L. c. 272, § 77. On appeal, the defendant contends that the evidence was insufficient to establish his guilt.[1] We affirm.

The evidence introduced by the Commonwealth during its case-in-chief may be summarized as follows. On January 4, 2007, a female witness was driving her vehicle on Conz Street in Northampton, when she saw the defendant jump out of a van stopped in oncoming traffic and begin to yell at a dog in a nearby yard. The dog ran quickly toward the defendant and jumped into the van. The defendant got back into the van and, as he was closing the door, bent down and picked up what later was determined to be a whiffle bat. While still waiting in traffic, the defendant began beating the dog with the bat at "full swing." When traffic started to move, the defendant held the bat in one hand and the steering wheel with the other. As he drove, he continued to strike the dog on the neck and back of the head at least ten times. The witness called 911 to report what she observed.

A police officer responded a short time later. The defendant, who was red-faced and angry, told the officer that he used the bat to modify his dog's behavior, and that he had been chasing the dog around the neighborhood for twenty minutes. He explained that he was very upset with the dog, and kept referring to the dog as an "asshole." The officer noticed that the dog hunkered down when the defendant was nearby, but that the dog came right over to the officer when the defendant moved away. When the officer expressed concern about the use of the bat, the defendant stated, "It's not like he's bleeding or anything." The defendant also informed the officer that he had used the bat on previous occasions, and did so to "put the fear of God in [the] dog."

---

[1]The defendant moved for a required finding of not guilty at the close of the Commonwealth's case, and reiterated his claim that the evidence was insufficient at the close of all the evidence.

After the Commonwealth rested, the defendant presented one witness, a veterinarian who examined the dog six days after the incident. The veterinarian testified that she found no evidence of trauma, but also opined that a dog probably would experience pain and suffering if struck repeatedly in the manner employed by the defendant.

At the conclusion of the trial, the judge found the defendant guilty; ordered the bail bond funds of $500 posted by the defendant to be released to the Commonwealth; and removed the dog from his care.

*Discussion.* In relevant part, G. L. c. 272, § 77, as appearing in St. 1977, c. 921, § 2, imposes criminal penalties on any person who "cruelly beats" an animal or "inflicts unnecessary cruelty" upon an animal in his charge. Cruelty in this context is "[s]evere pain inflicted upon an animal . . . without any justifiable cause." *Commonwealth v. Lufkin,* 7 Allen 579, 581 (1863). Specific intent to cause harm is not required; "decisional law makes clear that in circumstances involving the direct infliction of pain on an animal all that must be proved is that the defendant 'intentionally and knowingly did acts which were plainly of a nature to inflict unnecessary pain.' " *Commonwealth v. Erickson, ante* 172, 177 (2009), quoting from *Commonwealth v. Magoon,* 172 Mass. 214, 216 (1898).

The defendant argues that the Commonwealth produced insufficient evidence to prove beyond a reasonable doubt that his actions exceeded what was necessary and appropriate to train the dog. However, the evidence of the defendant's words and his demeanor permitted the conclusion that the defendant was not, in fact, imposing bona fide discipline, but was "indulging vindictive passion" when he struck the dog. See *Commonwealth v. Lufkin, supra.* Furthermore, the statute applies not only in cases where an animal is "cruelly beaten or tortured for the gratification of a malignant or vindictive temper," but also in cases where "cruel beating or torture [is inflicted] for the purpose of training or correcting an intractable animal." *Ibid.* That being so, the testimony as to the violence of the beating, combined with the arresting officer's observations of the behavior of the dog, were sufficient to permit the conclusion that the defendant's actions were cruel, whatever their motivation. See *Commonwealth v. Erickson, supra* at 178. "The defendant's guilt did not depend upon whether he thought he was unnecessarily cruel, but upon whether he was so in fact. It need not appear that he knew that he was cruel, and that he was willing to be so, but only that he intentionally and knowingly did acts which were plainly of a nature to inflict unnecessary pain, and so were unnecessarily cruel." *Commonwealth v. Magoon, supra.*

The Commonwealth's case did not deteriorate as a result of the defendant's evidence. See *Commonwealth v. Kelley,* 370 Mass. 147, 150 n.1 (1976); *Commonwealth v. Hastings,* 22 Mass. App. Ct. 930, 931 (1986). If anything, the veterinarian's testimony strengthened the Commonwealth's case by lending further support to the inference that the beating was of a nature that would have inflicted pain and suffering. The absence of bruising or other damage is not significant, because the existence of discernible physical injury is not a required element of animal cruelty.

*Judgment affirmed.*

*Daniel J. Ciccariello* for the defendant.
*Cynthia M. Pepyne,* Assistant District Attorney, for the Commonwealth.