Commonwealth v. Sasu.

COMMONWEALTH vs. GEORGE SASU.

Middlesex. January 3, 1989. — April 12, 1989.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*District Court*, Appellate Division, Jurisdiction. *Motor Vehicle*, Failure to file accident report. *Evidence*, Accident report. *Practice, Criminal*, Appeal, Judgment. *Constitutional Law*, Self-incrimination. *Witness*, Self-incrimination. *Waiver*.

Where the operator of a motor vehicle which had struck and killed a pedestrian was found guilty and sentenced in a District Court on criminal charges, and was also found "responsible" for a civil infraction, namely, failure to file an accident report of the same occurrence, as he was required to do by G. L. c. 90, § 26, the operator was entitled to appeal the finding of "responsible" to the Appellate Division even though the matter had been placed on file, with his consent, and without the imposition of a fine. [598-599]

Failure of a motor vehicle operator to file an accident report within the time allowed by G. L. c. 90, § 26, following an accident in which a pedestrian was struck and killed, was not deemed a waiver of his privilege against self-incrimination asserted as a defense in a civil proceeding against him for failure to file the report, where the operator, at the time the civil citation was issued, had been charged with criminal violations arising from the same occurrence [599-601]; moreover, in the circumstances, the reporting requirement infringed on the operator's rights under the Fifth Amendment to the United States Constitution [601].

TRAFFIC CITATION issued on August 26, 1986.

The case was heard in the Cambridge Division of the District Court Department by *Lawrence F. Feloney*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Kurt N. Schwartz*, Assistant District Attorney, for the Commonwealth.

*Camille F. Sarrouf (Frank C. Corso* with him) for the defendant.

LYNCH, J. This is an appeal by the Commonwealth from a decision of the Appellate Division of the District Court vacating a finding by the Cambridge Division of the District Court Department that defendant George Sasu was "responsible" for failing to file a motor vehicle accident report as required by G. L. c. 90, § 26 (1986 ed.), and ordering that a finding of "not responsible" be entered. We transferred the case to this court on our own motion and now affirm.

The facts underlying the action are not disputed. On June 25, 1986, while operating his motor vehicle in Belmont, the defendant struck and killed a pedestrian. On August 11, 1986, the Belmont police department sought criminal complaints against the defendant for vehicular homicide, G. L. c. 90, § 24G (*b*), and for failure to yield to a pedestrian within a crosswalk, G. L. c. 89, § 11. After trial in the District Court on the criminal charges, the defendant was found guilty and sentenced on December 23, 1986.

On August 18, 1986, the Belmont police department notified the defendant by letter that he had not yet submitted an accident report as required by G. L. c. 90, § 26,[1] and that, unless he submitted a report within one week, the department would apply for a civil complaint against him. The defendant neither replied to the letter nor filed the report, and on August 26, 1986, the Belmont police issued a motor vehicle traffic citation to the defendant and assessed a fine of twenty-five dollars for violation of c. 90, § 26.

On September 9, 1986, the defendant filed an accident report with the Belmont police department and with the Registry of Motor Vehicles, claiming in the report his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration

---

[1] General Laws c. 90, § 26, provides, in pertinent part: "Every person operating a motor vehicle which is involved in an accident in which any person is killed or injured or in which there is damage in excess of one thousand dollars to any one vehicle or other property shall, within five days after such accident, report in writing to the registrar on a form approved by him and send a copy thereof to the police department having jurisdiction . . . where such accident occurred . . . ."

of Rights.[2] After a hearing on October 16, 1986, a magistrate entered a finding against the defendant of "responsible" for failing to file the statutory accident report. The defendant timely appealed from the magistrate's decision. At the conclusion of the criminal case the judge heard the appeal, found the defendant "responsible," and placed the case on file with the defendant's consent. Upon defendant's appeal to the Appellate Division the finding of "responsible" was vacated.

The Commonwealth contends first of all that the Appellate Division lacked jurisdiction to hear the appeal because the complaint was filed with the defendant's consent after a finding of "responsible," but without any assessment of costs. The Commonwealth cites, inter alia, Commonwealth v. Delgado, 367 Mass. 432, 437-438 (1975), for the well-established principle that no appeal may be taken until after judgment and that, where a complaint is filed with the defendant's consent, the disposition is not final. This rule evolved from criminal cases which articulate the view that judgment in a criminal case is the sentence. Id. at 438. If a defendant wishes to appeal alleged error in a criminal proceeding, then a demand for sentencing must be made so that a final disposition is reached. Id. The Commonwealth's reliance here on this principle is misplaced, despite the fact that the complaint in this case was filed without an assessment of fines.

The issuance of a citation for violation of G. L. c. 90, § 26, is governed by the provisions of G. L. c. 90C, § 2, which allows issuance of motor vehicle citations for "any violation of any statute, ordinance, by-law or regulation relating to the operation or control of motor vehicles" other than those specifically excepted. G. L. c. 90C, § 1 (1986 ed.). Section 3(A) of c. 90C expressly governs civil motor vehicle violations for which the maximum penalty or fine is not more than $100 for the first offense and does not provide for a penalty of imprisonment.[3] By the terms of the statute, after hearing before a

---

[2] Since we decide that the defendant properly invoked his Fifth Amendment rights, we need not discuss the protections of art. 12.

[3] In its decision, the Appellate Division noted that the schedule of assessments promulgated by the Chief Justice of the District Court Department

clerk-magistrate and a de novo appeal to a District Court judge, a defendant's appeal from a decision of the judge "shall be governed by rules promulgated by the chief justice of the district court" providing a "simplified method of appeal" for civil motor vehicle infractions. Rule VII (b) (2) of the Trial Court Rules, the Uniform Rules on Civil Motor Vehicle Infractions, as amended (1986), provides that, if a violator "has been found guilty and is simultaneously being sentenced upon a criminal motor vehicle violation that arose from the same occurrence as one or more civil motor vehicle infractions," the judge may direct that the civil complaint be filed without imposition of a fine. Infractions may be placed on file only in those limited circumstances where there has been a guilty finding in a criminal case arising from the same circumstances. The rule further provides for an appeal to the Appellate Division on an issue of law following entry of the District Court judge's determination of responsibility in the civil case. Rule VII (d) (1), Trial Court Rules, as amended (1986). Such an appeal is available "following adjudication by judges in cases heard on appeal following a clerk-magistrate's finding and disposition, *and in cases where the civil motor vehicle infraction arose from the same occurrence as a criminal motor vehicle violation cognizable* under G. L. c. 90C, s. 3(B)" (emphasis supplied). Rule VII (a), Trial Court Rules, as amended (1986). We conclude, from these provisions and from the civil nature of the proceedings, that the rule permits an appeal when an infraction has been placed on file and no fine has been imposed.

The Commonwealth next contends that the defendant could not assert his privilege against self-incrimination as a defense during his prosecution for failure to file an accident report because he waived the privilege when he failed to file the report within the time required, and because the privilege does not extend to self-reporting schemes which primarily further noncriminal regulatory objectives. We conclude that the defendant did not waive his constitutional privilege against self-

pursuant to G. L. c. 90C, § 3(A), sets a twenty-five dollar fine for failure to file a c. 90, § 26, accident report.

incrimination, and that, as applied to the defendant in this case, G. L. c. 90, § 26, unconstitutionally infringes on the defendant's rights under the Fifth Amendment to the United States Constitution.

In determining whether a witness has properly invoked the privilege against self-incrimination, we apply Federal standards consistent with strict observance of the constitutional protection. *Commonwealth* v. *Funches*, 379 Mass. 283, 289 (1979), and cases cited. We have long held that a witness "may refuse to testify unless it is ' *"perfectly clear*, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer[s] *cannot possibly* have such tendency" to incriminate' " (emphasis in original). *Id.*, quoting *Hoffman* v. *United States*, 341 U.S. 479, 488 (1951). Although in general a defendant must make a timely assertion of the privilege, see, e.g., *Commonwealth* v. *Harvey*, 397 Mass. 351, 357 (1986); *Walden* v. *Board of Registration in Nursing*, 395 Mass. 263, 268 (1985), and must timely comply with statutory reporting or filing requirements where these can be met without complete relinquishment of constitutional rights, *United States* v. *Sullivan*, 274 U.S. 259, 264 (1927), the defendant here was confronted with a "real and appreciable" threat of incrimination and thus was entitled to rely on the privilege against self-incrimination, even though he did not assert it in a timely-filed accident report. *Marchetti* v. *United States*, 390 U.S. 39, 48, 50-51 (1968). See also *Walden* v. *Board of Registration in Nursing*, *supra* at 266. While criminal charges stemming from the accident were pending against him, and where the information requested on the accident report included, inter alia, the identity of the operator, which was an essential element of the Commonwealth's case against him, the furnishing of any information on the report would have constituted "a link in the chain of evidence needed to prosecute." *Commonwealth* v. *Funches*, *supra* at 289, quoting *Hoffman* v. *United States*, 341 U.S. 479, 486 (1951). The defendant therefore had an absolute right to remain silent at least until the disposition of the criminal charges, and his refusal to furnish an accident report cannot be deemed a waiver

of his privilege against self-incrimination; rather, his refusal was a justifiable exercise of the privilege, as was his direct judicial challenge to the reporting requirement.

For substantially the same reasons, we conclude that, while a c. 90, § 26, accident report is in most cases nonincriminating and primarily aimed at noncriminal, regulatory governmental objectives (see *California* v. *Byers*, 402 U.S. 424, 430-431, 448 [1971]; *Commonwealth* v. *Joyce*, 326 Mass. 751, 753-754 [1951]), where the authorities seeking to compel the defendant to submit a report were the very authorities who had already instituted a criminal prosecution against him, the defendant was clearly faced with a "real [and] substantial danger that the evidence supplied" would incriminate him. *Commonwealth* v. *Joyce, supra* at 756. Under the circumstances, *any* information provided by the defendant on the report would tend to incriminate him; the threat of incrimination was not merely a remote possibility or unlikely contingency, see *id.* at 754, but an actual and present danger, against which the defendant was constitutionally protected.

The order of the Appellate Division is affirmed.

*So ordered.*