COMMONWEALTH *vs.* JOHN A. BOSK, JR. NO. 89-P-1190. JULY 23, 1990. *Jurisdiction*, Civil motor vehicle infraction. *District Court*, Appellate Division. *Idle and Disorderly Person.*

The defendant was cited by a police officer for a civil motor vehicle infraction (speeding). Subsequently, a complaint issued charging him with being a disorderly person. That offense arose as a result of his conduct when he was stopped for speeding. Both matters were tried together, the criminal complaint by a jury and the alleged civil motor vehicle infraction by the judge presiding at the jury trial. The jury convicted the defendant of being a disorderly person and he was fined. The judge found him responsible for the motor vehicle infraction and he was ordered to pay a fine of $120. The defendant has appealed the finding and conviction to this court.

1. *Jurisdiction of the appeal on the civil motor vehicle infraction.* The defendant has raised three issues on appeal that relate to the finding of responsibility for the civil motor vehicle infraction. He claims that (1) he was denied due process because the police officer at the scene refused to allow him to examine the radar unit reading that, according to the officer, showed his vehicle was operated at seventy-two miles per hour; (2) the judge erred in admitting the radar evidence because it lacked sufficient foundation; and (3) there was insufficient corroboration of the officer's testimony on the issue of speed. The Commonwealth argues that we do not have to reach these issues because, by statute, an appeal of a civil motor vehicle infraction must be heard, in the first instance, by the Appellate Division of the District Court.

General Laws, c. 90C, § 3(A), "expressly governs civil motor vehicle violations for which the maximum penalty or fine is not more than $100 for the first offense and does not provide for a penalty of imprisonment." *Commonwealth* v. *Sasu*, 404 Mass. 596, 598 (1989). The statute provides,

"after hearing before a clerk-magistrate and a de novo appeal to a District Court judge, a defendant's appeal from a decision of the judge 'shall be governed by rules promulgated by the chief justice of the district court' providing a simplified method of appeal for civil motor vehicle infractions." *Id.* at 598-599, quoting from G. L. c. 90C, § 3(A) (1986 ed.). Both the statute and rule VII (a)(1) of the Trial Court Rules, the Uniform Rules on Civil Motor Vehicle Infractions (1986), provide for an appeal to the Appellate Division on issues of law, following the entry of the District Court judge's determination of responsibility.[1]

The defendant, however, notes that G. L. c. 90C, § 3(A), by its terms, applies only to those civil motor vehicle infractions for which the maximum fine is $100. He argues that, because he was fined $120 for speeding, the statute does not apply and, therefore, his appeal is to the Appeals Court.

The defendant's fine of over $100 is authorized by the second paragraph of G. L. c. 90, § 20, as appearing in St. 1988, c. 202, § 25, which reads in part: "Any person convicted of a violation of the provisions of section seventeen, [G. L. c. 90, § 17, concerning speed limits], or of a violation of a special speed regulation lawfully made under the authority of section eighteen, shall be punished by a fine of not less than fifty dollars. Where said conviction is for operating a vehicle at a rate of speed exceeding ten miles per hour over the speed limit for the way upon which the person was operating, an additional fine of ten dollars for each mile per hour in excess of the ten miles per hour shall be assessed."[2] Statute 1988, c. 202, § 28, provides that "violations of the provisions of [G. L. c. 90, § 17] and violations of a special speed regulation lawfully made under the authority of [G. L. c. 90, § 18], shall be deemed civil motor vehicle infractions." Therefore, a citation for speeding continues to be a civil motor vehicle infraction even if the fine exceeds $100.

We conclude that the defendant's appeal in the first instance should have been to the Appellate Division.[3] Therefore, we dismiss the defend-

---

[1]The appellant would reach the Appeals Court only after a final decision by the Appellate Division. See G. L. c. 231, § 109.

[2]Prior to its amendment by St. 1988, c. 202, § 25, G. L. c. 90, § 20, provided a maximum penalty of fifty dollars for a first speeding offense.

[3]Both the defendant and the Commonwealth assume that the trial was held on the civil motor vehicle infraction and the disorderly person charge pursuant to G. L. c. 90C, § 3(B). That statute provides for a joint trial where a civil motor vehicle infraction arose from the same occurrence as a criminal motor vehicle violation, with a jury deciding the criminal violation and the judge deciding the question of responsibility for the civil motor vehicle infraction. Here, § 3(B) did not apply because the disorderly person charge was not an alleged criminal *motor vehicle* violation.

However, there is nothing in the facts of this case that would bar a joint trial. Further, a joint trial would not change the fact finder on the civil motor vehicle infraction — it remains the judge. See G. L. c. 90C, § 3(A), which specifically states that there is no right to a jury trial for civil motor vehicle infractions. Finally,

ant's appeal as it relates to the finding of responsibility for a civil motor vehicle infraction.

2. *Disorderly conduct.* The defendant claims that the conduct which led to his arrest and conviction under G. L. c. 272, § 53, is protected by the First Amendment to the Federal Constitution and closely related to the type of conduct discussed in *Commonwealth* v. *Feigenbaum*, 404 Mass. 471, 472-475 (1989). In *Feigenbaum*, the court held that the Commonwealth had introduced adequate evidence that the defendant had consciously disregarded a risk of public inconvenience, annoyance, and alarm, and created a hazardous condition by blocking a tow truck and disregarding warnings to move during a political protest. *Id.* at 475. However, the court stated that "the Commonwealth offered no evidence to show that the defendant's actions were taken without legitimate purpose. . . . [A]lthough conduct that is designed to call attention to a political cause, and may therefore have a legitimate purpose, may nevertheless be criminal under the common law or by some statute, it does not constitute disorderly conduct under G. L. c. 272, § 53." *Ibid.*

The defendant's conduct here is readily distinguishable from that in *Feigenbaum*. A State trooper testified that at 2:00 A.M. she was alone in a cruiser parked in the breakdown lane of Route 2 westbound in Fitchburg. She observed the defendant's vehicle, a hearse, approaching at an estimated speed of seventy miles per hour. She activated the radar which displayed a reading that the defendant was operating his vehicle at the rate of seventy-two miles per hour in a zone posted as fifty-five miles per hour. The trooper testified that "the vehicle that I stopped pulled into the breakdown lane, which isn't as wide as the travel lane, and it was probably a foot or so inside the travel lane, off the travel lane in the breakdown lane, and I positioned my cruiser so that I was — the left side of my cruiser was flush with the beginning of the breakdown lane to give me some buffer zone in which to walk." The trooper explained to the defendant why she had stopped him, then wrote him a citation for speeding at seventy-two miles per hour. At this time a Leominster police cruiser stopped at the scene.

The defendant refused to take the citation and asked to see the radar. The trooper denied the defendant's request, informing him of his right to a hearing. The defendant still refused to take the citation and the trooper dropped it into his lap.

The defendant left his motor vehicle and walked toward the trooper, stating in a loud voice that he wanted to see the radar detector. The trooper told the defendant that it was not safe to be in the road, and, "at least three, maybe four or five" times, to get back into his motor vehicle.

there is nothing in the procedures followed in the trial court that would change the route of the appeal of the civil motor vehicle infraction from the Appellate Division to the Appeals Court.

The defendant was standing in the traffic lane, it was dark, and vehicles going by the scene were forced to move, according to the trooper, from the travel lane into the passing lane.

The defendant refused to comply with the trooper's order. The trooper advised the defendant that, if he did not return to his motor vehicle, she would arrest him. The defendant refused to comply and was arrested.

The defendant, unlike Feigenbaum, was not acting in furtherance of any political cause. Further, there was no legitimate purpose involved in the defendant's actions. Rather, the evidence demonstrates that by his conduct he was risking not only his own safety but that of others. See *Colton* v. *Kentucky*, 403 U.S. 104 (1972).

The other issues raised by the defendant are without merit.

The defendant's appeal of the finding of responsibility for the civil motor vehicle infraction is dismissed. The judgment on the disorderly person charge is affirmed.

*So ordered.*

*John A. Bosk, Jr.*, pro se.

*Katherine E. McMahon*, Assistant District Attorney, for the Commonwealth.