COMMONWEALTH *vs.* HAROLD L. DELGADO, SR.

Bristol. January 8, 1975. — April 18, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & WILKINS, JJ.

*Robbery. Practice, Criminal,* Appeal with assignments of error, Judgment, Sentence. *Larceny. Motor Vehicle,* Larceny.

At the trial of indictments for robbery while armed "with a dangerous weapon, to wit: a gun," and for assault with a dangerous weapon, viz., a gun, evidence that during the course of the crimes the defendant stated to one of his three accomplices, "Hold . . . [the victim] or I'm going to shoot him," warranted a finding

that the victim had a reasonable apprehension with respect to his physical security; conviction of the defendant was warranted notwithstanding the absence of any evidence of the presence of a gun, other than the quoted statement. [435-437]

A defendant who saved exceptions to the denial of his motions for directed verdicts at the trial of indictments which were placed on file without his consent following conviction was entitled to have the merits of his assignments of error considered on seasonable appeal to this court. [437-439]

Evidence did not warrant conviction of the defendant of larceny of a motor vehicle pursued by police upon receiving by radio a description and registration number of an "alleged stolen car," in which the defendant may have been riding with three other men, in the absence of testimony by its owner or anyone else claiming to have personal knowledge of the vehicle or the circumstances of the alleged theft. [439]

INDICTMENTS found and returned in the Superior Court on October 4, 1972.

The cases were tried before *Frank E. Smith*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*John F. Palmer* for the defendant.

*Philip A. Rollins*, District Attorney, & *Lance J. Garth*, Assistant District Attorney, for the Commonwealth, submitted a brief.

HENNESSEY, J. The defendant appeals under G. L. c. 278, §§ 33A-33G, from his convictions by a jury on three charges: armed robbery by means of a gun, assault by means of a gun, and larceny of a motor vehicle.

The evidence in material part was as follows. On the evening of May 12, 1972, between the hours of approximately 8:50 and 9:30 P.M. successive armed robberies occurred at two small stores of the Cumberland Farms, Inc., in New Bedford, Massachusetts. The circumstances of the robberies were similar: four men, including the defendant, entered the stores; one of the men, not the defendant, held a knife to the store manager while the others took money and in one case, cigarettes, from the store. In the first robbery, while one

assailant held the knife to the store manager, one of the group, subsequently identified as the defendant, said, "Hold him or I'm going to shoot him." Apparently on the basis of this statement, the defendant in the first count of the indictment for armed robbery was charged with "being armed with a dangerous weapon, to wit: a gun."

Three indictments were returned by the grand jury and all indictments were tried together before a jury. Indictment No. 42321 was for armed robbery in two counts: the first count concerned the first of the two robberies and alleged armed robbery by means of a gun; the second count concerned the second robbery and alleged armed robbery by means of a knife. Indictment No. 42322 was for assault with a dangerous weapon in two counts: the first count concerned the first of the two robberies and alleged assault with a gun; the second count concerned the second robbery and alleged assault with a knife. Indictment No. 42323 alleged larceny of an automobile.

The defendant was convicted on all three indictments. A sentence of eight to twelve years at the Massachusetts Correctional Institution at Walpole was imposed on the armed robbery convictions; the remaining two indictments were placed on file. The defendant appealed; the Appeals Court upheld the armed robbery convictions, and declined to deal with the other indictments, which had been placed on file. *Commonwealth* v. *Delgado*, 2 Mass. App. Ct. 865 (1974). Thereafter we granted further appellate review on the defendant's application.

The defendant assigns as error the denial of his motions for directed verdicts on the counts which charged him with armed robbery with a gun, assault with a gun, and larceny of a motor vehicle. He does not challenge his convictions concerning armed robbery with a knife and assault with a knife, apparently conceding that he was chargeable with the conduct of his accomplice who wielded the knife. See *Commonwealth* v. *Chapman*,

345 Mass. 251, 255 (1962). Nevertheless, he urges that he is entitled to our consideration of the sufficiency of the evidence relating to a gun, because the single sentence which was imposed was rendered on the armed robbery indictment generally, without regard to counts. Further, he says, certain of the judge's comments in his charge to the jury reflect that the judge subsequently imposed a more severe sentence because of the convictions relating to a gun.[1] He urges that judgments of not guilty be ordered on the "gun" counts, that the sentence previously imposed be vacated, and that the case be remanded to the Superior Court for resentencing.

The defendant further urges that he is entitled to our consideration of the merits of his motions for directed verdicts on the counts for assault with a gun and larceny of an automobile, even though those counts were placed on file by the court, at the time of the sentencing on the armed robbery indictment.

We affirm the armed robbery convictions. As to the two indictments which were placed on file, we hold that the defendant's assignments of error should be reviewed. As a result of that review, we order a judgment of not guilty on the larceny indictment, and further order that sentence or other disposition is to be imposed on the indictment for assault with a dangerous weapon.

1. To a large extent the issues raised as to the armed robbery indictment are answered by our decision in *Commonwealth* v. *Tarrant, ante,* 411 (1975), wherein we apply the apparent ability standard in defining a dangerous weapon for purposes of armed robbery (G. L. c. 265,

---

[1] The trial judge stated: *"And if you don't believe that . . . Delgado had a gun,* he still would be guilty of simple robbery. The fact that a person *is* armed with a gun or armed with a bludgeon, or a knife, or something else, merely goes to the question of punishment. He would get a more severe sentence, I guess" (emphasis added). For purposes of review we assume from the above statements that the trial judge in imposing the sentence relied on the premise that the defendant may be deemed to have possessed a gun.

§ 17), leaving to the jury "whether the instrumentality under the control of the perpetrator has the apparent ability to inflict harm, whether the victim reasonably so perceived it, and whether the perpetrator by use of the instrumentality intended to elicit fear in order to further the robbery." *Commonwealth* v. *Tarrant, supra,* at 417. The twist in this case is that there was no direct evidence of a gun, no gun was seen by the store manager, and no gun was found on the defendant's person or in the area where the defendant was apprehended. Thus, the only indication of the presence of a gun was the defendant's statement, "Hold him or I'm going to shoot him." The defendant submits that even if the apparent ability standard of the *Tarrant* case is the law, it would be error to extend that reasoning to a case such as this where, in effect, the gun is "present" only by verbal assertion.[2]

It is true, of course, that as a general rule words are not sufficient to constitute an assault, simple or aggravated, and would therefore not usually be sufficient to meet the robbery requirement. However, a distinction is to be drawn between words that are merely threatening and those that are also informational. As discussed in Perkins, Criminal Law, 132 (2d ed. 1969), where "one man standing back of another, should say: 'I have you covered. If you move or turn I'll shoot you.' . . . Two kinds of words are included here, — informational words and threatening words. And it would seem under these circumstances that the informational words might take the place of a threatening movement or gesture and complete the assault, — wherever wrongfully placing another in apprehension of receiving an immediate

---

[2] Although it is not entirely clear from his argument and brief, it seems that the defendant is urging a directed verdict only as to so much of the indictment concerning the first robbery as alleges robbery while armed. The entire argument appears to concede that he was guilty of simple robbery.

battery is sufficient for this offense."[3]   In line with this reasoning, it is well established in this State that an act placing another in reasonable apprehension that force may be used is sufficient for the offense of criminal assault. *Commonwealth* v. *White*, 110 Mass. 407, 409 (1872). *Commonwealth* v. *Henson*, 357 Mass. 686, 689-690 (1970). *Commonwealth* v. *Richards*, 363 Mass. 299, 303-304 (1973). The words spoken by the defendant in this encounter were clearly informational, warning the victim store manager that the defendant would and could shoot and thus impliedly informing the victim of the presence and possession of a gun. In our opinion this was clearly sufficient, particularly in the circumstances of an ongoing robbery, to cause the victim reasonable apprehension with respect to his physical security. Hence the crime as charged was robbery "with a dangerous weapon, to wit: a gun," and the jury could reasonably conclude that the defendant should be taken at his word.

2. The defendant further urges that we consider his assignments of error both with respect to assault with a dangerous weapon, viz., a gun, and with respect to the indictment for larceny of a motor vehicle. As noted earlier, these indictments were placed on file.

It has long been the practice in this Commonwealth that a judge, after a plea of guilty or a conviction may order that the indictment be placed on file. *Common-*

---

[3] According to the first Restatement: Torts, § 31, comment a (1934): "Words in themselves no matter how threatening, unless accompanied by some act actually or apparently intended to carry the threat into execution, cannot put the other in immediate apprehension of immediate bodily contact and, therefore, cannot make the actor liable under the rule stated in § 21." This position was modified in Restatement 2d: Torts, § 31 (1965), which provides: "Words do not make the actor liable for assault *unless together with other acts or circumstances they put the other in reasonable apprehension of an imminent harmful or offensive contact with his person*" (emphasis added). See comments c and d to § 31, pp. 48-49. Thus Restatement 2d is now in accord with our view.

*wealth* v. *Dowdican's Bail,* 115 Mass. 133 (1874). See generally Smith, Criminal Practice and Procedure, §§ 1148-1151 (1970). Absent exceptional circumstances, we do not consider appeals on assignment of error on indictments placed on file since no appeal may come before us until after judgment, which in criminal cases is the sentence. *Commonwealth* v. *Locke,* 338 Mass. 682, 684 (1959). *Commonwealth* v. *Subilosky,* 352 Mass. 153, 165 (1967). However, since the placing of a case on file does, inter alia, suspend, for as long as the case remains on file, a defendant's right to appeal alleged error in the proceeding, the defendant must consent to the filing. Should a defendant wish to have the case finally disposed of and judgment entered, he may demand that he either be sentenced or discharged. *Marks* v. *Wentworth,* 199 Mass. 44, 45 (1908).

We hold that the defendant, in the circumstances of this case, is entitled to consideration of the merits of his assignments of error addressed to the two indictments which were placed on file, because the record shows that the defendant's consent was not obtained as to the filing of the indictments.[4] The chronology shows that he filed motions for directed verdicts as to these indictments. These were denied and the defendant's exceptions were saved. The judge imposed a sentence on the armed robbery indictment, and simultaneously ordered the filing of the other two indictments. A statement of the defendant's consent was neither sought nor obtained. The defendant then seasonably claimed appeal from the filing of the indictments.

Accordingly, we turn now to the assignments of error on these two indictments. As to each indictment, the

---

[4] The defendant suggests also that this case comes within the exception allowing review as applied in *Commonwealth* v. *Boone,* 356 Mass. 85 (1969). We disagree. In that case the defendant was discharged both from the indictment pursuant to which he had been sentenced *and* the indictment that had been placed on file.

defendant claims error in the denial of his motion for a directed verdict. We conclude that there was no error in the denial of the motion for a directed verdict as to the indictment for assault with a dangerous weapon, viz., a gun. We reach this result on the same reasoning which we followed above, as to the armed robbery indictment.

On the other hand, we conclude that a directed verdict should have been ordered on the indictment charging larceny of an automobile. The total evidence on this charge was that police officers received on the radio a description of an "alleged stolen car," together with a registration number. This evidence was admitted, over the defendant's objection and exception. There was evidence that the police pursued a vehicle which matched the description and registration number of the allegedly stolen vehicle, and some further evidence from which it might be inferred that the defendant was riding in the vehicle with three other men. There was evidence of the name of the vehicle owner, and that the owner was not the defendant. Neither the owner, nor anyone else claiming to have personal knowledge of the vehicle or the circumstances of the alleged theft, testified. On this evidence, the defendant was entitled to a directed verdict of not guilty on the larceny indictment.

The judgment of the Superior Court on the armed robbery indictment (No. 42321) is affirmed. The case is remanded to the Superior Court, where the prior orders placing the other two indictments on file are to be vacated. On the larceny indictment (No. 42323) a judgment of not guilty is to be entered. On the indictment (No. 42322) charging assault with a dangerous weapon, sentence or other disposition is to be imposed. In the interest of justice, and considering the obvious intentions of the judge who imposed the original sentence, no sentence should be imposed which results in any period of incarceration of the defendant beyond that

which he is required to serve on the sentence previously imposed as to the armed robbery indictment.   Cf. *Kuklis* v. *Commonwealth,* 361 Mass. 302, 308-309 (1972).

*So ordered.*