COMMONWEALTH *vs.* RICHARD J. RILEY (and five companion cases[1]). December 15, 1983. *Identification. Practice, Criminal,* Voir dire, Assistance of counsel, Judicial discretion. *Evidence,* Record of past knowledge, Prior conviction, Recross-examination.

In the early morning hours of August 2, 1981, a twenty-four year old woman was dragged forcibly from her car by two men who raped her in an alley. One of the assailants, Kevin Whiteley, wishing to be remembered, gave his name. He and the codefendant Riley were convicted by a jury of aggravated rape, kidnapping, indecent assault and battery on a person who has attained the age of fourteen, breaking and entering a motor vehicle in the nighttime with intent to commit a misdemeanor, and assault and battery.[2] Riley's defense was based on misidentification; Whiteley's on consent.

1. *Riley's appeal.* (a) Two days after the rape, the victim picked Riley's photograph from an array of thirteen photographs of white males between the ages of eighteen and twenty-seven. Neither the number of photographs in the array nor the circumstance that there were two pictures of Riley (markedly unlike one another, we might add, so far as hair length, facial hair, lighting and print contrast were concerned) supports

---

[1] Two of the cases were against Riley and three were against Kevin Whiteley.

[2] As to each defendant the last two indictments, involving the lesser offenses, were placed on file without objection. No appeal, therefore, is before us from the convictions on those indictments. *Commonwealth v. Delgado,* 367 Mass. 432, 438-439 (1975).

Riley's claim of impermissibly suggestive identification. *Commonwealth* v. *Kostka*, 370 Mass. 516, 523-524 (1976). *Commonwealth* v. *Avery*, 12 Mass. App. Ct. 97, 101-102 (1981). The absence of taint in the photographic identification cuts the ground from under Riley's argument that the victim's in-court identification was the product of suggestion and should have been suppressed unless found otherwise to be reliable. *Neil* v. *Biggers*, 409 U.S. 188, 199 (1972). *Manson* v. *Brathwaite*, 432 U.S. 98, 114 (1977). *Commonwealth* v. *Avery, supra* at 102-103. Compare *Commonwealth* v. *Venios*, 378 Mass. 24, 26-30 (1979). Parenthetically, the record amply supports the finding made by the judge, when acting on Riley's suppression motion, that the victim had adequate opportunity to observe Riley and that weaknesses in her verbal description of him went merely to the weight of her identification.

(b) *Refusal to conduct voir dire on identification.* Similarly, Riley's insistence that he was entitled to a voir dire on the victim's identification testimony depends on a conclusion which we have rejected, namely that the pretrial photographic identification was tainted by suggestion. To the extent that Riley wanted the judge to inquire into the reinforcing effect of a police officer's alleged comment (whether the comment had been made was disputed) after the victim had selected one of the pictures of Riley, the judge did so and, thus, conducted the substance of a voir dire. The comment attributed to the officer was, "We thought so from your description and name, but we have to be sure." In any event, a voir dire was not required in the circumstances. The decision to hold one was in the discretion of the judge, and his exercise of that discretion was sound. *Commonwealth* v. *Bumpus*, 354 Mass. 494, 501-502 (1968), cert. denied, 393 U.S. 1034 (1969). See *Watkins* v. *Sowders*, 449 U.S. 341, 345-349 (1981).

(c) *Prosecutor's letter.* Riley sought admission of a letter from the prosecutor to Riley's attorney which said that it had come to his attention that, after the victim had identified a photograph of Riley in the array, a police officer present made the "We thought so" remark quoted above. The letter was rightly excluded. Both the victim and the officer disavowed any memory of the conversation. The officer's recollection was not refreshed by the letter. That letter was written nine months after the photo identification. Its author was neither the victim nor the officer. Therefore, it could not be admitted in evidence as past recollection recorded, the ground urged by Riley. *Commonwealth* v. *Bookman*, 386 Mass. 657, 663-664 (1982).

(d) *Ineffective assistance of counsel.* For reasons stated in *Commonwealth* v. *Gaeten*, 15 Mass. App. Ct. 524, 533 (1983), the failure of Riley's first lawyer timely to move to suppress the photo identification was not ineffective assistance of counsel. Moreover, the point is academic because it is apparent from the record that, as a practical matter, the trial judge considered the grounds on which that identification might have been suppressed.

2. *Whiteley's appeal.* Whiteley complains on appeal of a refusal by the trial judge to rule in timely fashion on a motion in limine and a refusal to allow recross-examination.

(a) *The motion in limine.* Prior to trial Whiteley moved that his prior convictions be excluded should he take the stand. Fairly read, the record discloses not a refusal to rule, but a denial of Whiteley's motion without prejudice to renewal of the motion as the record developed. Contrast *Commonwealth* v. *Edgerly,* 13 Mass. App. Ct. 562, 571 (1982) (judge erred in thinking he was without right to exclude prior convictions and erred in not exercising his discretion one way or the other). The record in this case is eloquent that the judge was fully aware of his power and ruled adversely to Whiteley, always, however, holding out the possibility that he might change his mind should developments in the evidence move him so to do. The last time Whiteley pressed to exclude prior convictions was on the fourth day of trial, after the Commonwealth had rested and after the judge had become familiar with Whiteley's record. The judge denied the motion, again with leave to renew it. It would have been more in the spirit of *Commonwealth* v. *Diaz,* 383 Mass. 73, 81-82 (1981), had the judge not always left the door ajar. He did, however, act and Whiteley cannot seriously have harbored doubt that the judge would allow the prior convictions to be admitted in evidence. We perceive no abuse of discretion or error.

(b) *Limitation on recross-examination.* A portion of the cross-examination of the victim by Whiteley's lawyer probed how loudly the victim had protested. This was relevant and probative because a defense witness was later to testify that she lived over the alley where the alleged rape had occurred, had been awake at the time it occurred, and had heard no outcry. On redirect the prosecutor drew from the victim that Whiteley and Riley alternately had put their hands over her mouth to stifle her protests and crying. The judge refused to allow any recross-examination, and Whiteley's lawyer seasonably objected. The matter raised by the prosecutor on redirect was properly directed at explaining and modifying impressions left by the cross-examination. *Commonwealth* v. *Caine,* 366 Mass. 366, 368-369 (1974). Liacos, Handbook of Massachusetts Evidence 67-68 (5th ed. 1981). Recross-examination is not a matter of right and lies within the sound discretion of the trial judge. Liacos, op. cit. 68. The judge was articulate as to the limited circumstances in which he permitted recross. He was right that the same ground had been well plowed by the direct, cross, and redirect examination.

*Judgments affirmed.*

*Nona E. Walker* for Kevin Whiteley.
*Peter G. DeGelleke* for Richard J. Riley.
*Pamela L. Hunt,* Assistant District Attorney, for the Commonwealth.