## COMMONWEALTH *vs.* STEPHEN A. PATTI.

No. 91-P-102.

Middlesex. September 5, 1991. - October 3, 1991.

Present: BROWN, FINE, & GREENBERG, JJ.

*Constitutional Law*, Search and seizure. *Search and Seizure*, Threshold police inquiry.

A police officer reasonably made a brief threshold inquiry (approach and questioning) of a man standing in a hotel parking lot at 3:15 A. M. next to an automobile with its hood up and engine running, where the police officer knew the parking lot had been the scene of numerous thefts of vehicles and other property, and where it was not an hour when hotel patrons would be likely to arrive or leave or when a person would be likely to be working on a car [441-443], and upon the man's putting his hands in his pockets it was reasonable for the police officer, who was working alone, to pat down the man's outer clothing and to remove and examine the contents of a pocket in which a hard object was felt [443-444].

COMPLAINT received and sworn to in the Marlborough Division of the District Court Department on January 4, 1988.

On transfer to the jury session of the Framingham Division, a pretrial motion to suppress evidence was heard by *Paul F. Healy, Jr.*, J., and the case was heard by *Robert C. Campion*, J.

*Barbara C. Johnson* for the defendant.

*Stephen Hoctor*, Special Assistant District Attorney, for the Commonwealth.

FINE, J. In this case we are asked, once again, to consider the limits of the privilege, first set forth in *Terry* v. *Ohio*, 392 U.S. 1 (1968), for the police to stop a person to investigate his conduct absent probable cause to believe that he was engaged in unlawful activities.

The defendant was convicted in a District Court jury-of-six session of possession of marihuana. He challenges the

judge's denial of his pretrial motion to suppress the marihuana following a hearing where the only witness was a member of the Marlborough police force, Lieutenant Jody Merlini. According to the judge's findings, the drugs were discovered in the following circumstances:

> "On January 3, 1988, at about 3:15 a.m., Lieutenant . . . Merlini, . . . on routine patrol, observed the defendant . . . in the parking lot of the Best Western Motel, Marlboro, standing in front of a 1977 Oldsmobile, which had its hood up. [Lieutenant Merlini testified, and his testimony was not disputed, that the engine was running.] This area had experienced a large number of thefts of cars and from cars. Lt. Merlini pulled his marked cruiser behind this car and approached the defendant to investigate further. Seeing the defendant put his hands in his jacket pockets, the Lieutenant told him to remove them and patted down the defendant. He felt a hard object in the defendant's left jacket pocket. Lt. Merlini removed a knife, a pair of pliers, and a plastic packet containing a green vegetable matter (which appeared to be marijuana) from the defendant's left jacket pocket. . . ."

The defendant contends that there was insufficient justification for Lieutenant Merlini to initiate his threshold inquiry and that the pat-down frisk leading to the search of the defendant's jacket pocket was not justified by the circumstances. Although we conclude that the initiation of the investigation approached the "outer limits" of the *Terry* privilege, see *Commonwealth* v. *Helme*, 399 Mass. 298, 301 (1987), Lieutenant Merlini did not exceed those limits. Assuming Lieutenant Merlini had the right to approach the defendant and question him, Lieutenant Merlini, for his own protection, had the right, in the circumstances of this case, to frisk the defendant and examine the contents of his pocket.

1. *The right to conduct the threshold inquiry.* Lieutenant Merlini had the right to make a brief threshold inquiry without probable cause so long as he had a reasonable, articul-

able suspicion, in light of all the circumstances, that the defendant had committed, was then committing, or was about to commit a crime.[1] See *Terry* v. *Ohio*, 392 U.S. at 21, 27; *Commonwealth* v. *Moses*, 408 Mass. 136, 140 (1990). The standard is an objective one, and a mere hunch, even if made in good faith, is not sufficient. See *Terry* v. *Ohio*, 392 U.S. at 27; *Commonwealth* v. *Silva*, 366 Mass. 402, 406 (1974); *Commonwealth* v. *Almeida*, 373 Mass. 266, 271 (1977).

The defendant contends that his presence and activities in the hotel parking lot when he was first observed were innocent and gave no appearance of unlawfulness. As he explained to Lieutenant Merlini, he was trying to fix the heater in his car while waiting for his brother, a hotel employee on the night shift, to finish work. Relying on *Commonwealth* v. *Bacon*, 381 Mass. 642 (1980), the defendant argues that his mere presence late at night in a high crime area was insufficient justification for a threshold inquiry. See also *Commonwealth* v. *Helme*, 399 Mass. at 301-302. Although the proposition on which the defendant relies is unassailable and basic to our assumptions as free citizens about our right to come and go without police interference, there were additional factors present in this case which brought Lieutenant Merlini's conduct within the range of reasonableness. A police officer with sixteen years of experience, he knew the hotel parking lot had been the scene of numerous thefts of motor vehicles and of property from motor vehicles. At 3:15 A.M., an hour when hotel patrons were not likely to be arriving or leaving, and when it would be unusual for a person to be working on his car, the defendant was standing at a car, located against a wall, with the hood up and the engine running.

---

[1]The defendant argues that Lieutenant Merlini effected a seizure of the defendant when he stopped his cruiser so as to block the defendant's car. This argument fails, however, because Lieutenant Merlini did not use undue force in making the stop. See *Commonwealth* v. *Moses*, 408 Mass. 136, 142-143 (1990). Compare *id.* at 141-143 and *Commonwealth* v. *Fraser*, 410 Mass. 541, 543 (1991), with *Commonwealth* v. *Bottari*, 395 Mass. 777, 780-782 (1985). Rather, Lieutenant Merlini was initiating a *Terry* inquiry. See *Commonwealth* v. *Helme*, 399 Mass. at 300.

While the defendant's actions could reasonably have been viewed by a passerby or another police officer at the time as innocent, and while in fact they were innocent, we would not say that Lieutenant Merlini was unreasonable in suspecting that a theft was taking place. See *Commonwealth* v. *Almeida*, 373 Mass. at 268, 271-272 (investigation was held reasonably undertaken where the defendant was sitting alone in a car, with the lights out and the motor running, at 12:10 A.M. in the parking lot of an apartment building in a high crime area). See also *Commonwealth* v. *Silva*, 366 Mass. at 406-407; *Commonwealth* v. *Moses*, 408 Mass. 136, 140 (1990).

2. *The validity of the pat-frisk search.* To protect himself and others in the area, a police officer may conduct a limited search for weapons of a person detained for a threshold inquiry if the circumstances reasonably suggest that the person may be armed and dangerous. See *Terry* v. *Ohio*, 392 U.S. at 23-27; *Commonwealth* v. *Cantalupo*, 380 Mass. 173, 176 (1980); *Commonwealth* v. *Moses*, 408 Mass. at 141-142; *Commonwealth* v. *Fraser*, 410 Mass. 541, 544-547 (1991). The defendant contends that the circumstances did not justify the search of his jacket pocket. He points out that he was cooperative in responding to the officer's inquiries, that the cold January weather was the obvious reason his hands were in his pockets, and that Lieutenant Merlini testified that he did not regard anything the defendant did as a threatening gesture. The test of reasonableness of the search, however, is an objective one. See *Commonwealth* v. *Tompert*, 27 Mass. App. Ct. 804, 808-809 (1989). Based upon evidence, the judge found that as Lieutenant Merlini, alone and in uniform, approached the defendant at 3:15 A.M. in a high crime area, the defendant put his hands in his pockets.[2] The officer

---

[2]The defendant suggests that Lieutenant Merlini testified inconsistently on the question whether the defendant had his hands in his pockets when the officer first approached or, instead, placed them in his pockets after he saw the officer. He, therefore, challenges the judge's finding that the defendant put his hands in his pockets after Lieutenant Merlini approached him. We think the two versions are reconcilable. In any event, we think on either version the officer's actions were reasonable.

could have assumed that the defendant, regarding the officer's approach as unexpected and unwelcome, might be reaching for a weapon. It was reasonable and sensible in light of articulable facts, therefore, for him to pat the defendant down and, feeling a hard object in his pocket which could well have been a concealed weapon, to examine the contents of the pocket. Compare *Commonwealth* v. *Silva*, 366 Mass. at 409-410.[3] The search was confined to the defendant's outer clothing and Lieutenant Merlini should reasonably have been aware that, had he not taken those precautions, "the answer might [have been] a bullet." *Id.* at 407, quoting from *Terry* v. *Ohio*, 392 U.S. at 33 (Harlan, J., concurring).

*Judgment affirmed.*

---

[3]There was no evidence regarding the order in which the objects were removed from the defendant's pocket, and the defendant does not contend that, if the officer had the right to search the pocket for a weapon, he exceeded that authority in removing and examining the soft packet.