## COMMONWEALTH vs. CHERYL SIMPSON.

No. 00-P-1513.

Essex. December 17, 2001. - April 11, 2002.

Present: GREENBERG, MASON, & DOERFER, JJ.

*Practice, Criminal,* Indictment, Dismissal. *Probable Cause. Robbery. Dangerous Weapon.*

A motion judge erred in granting a criminal defendant's motion to dismiss the indictment against her for armed robbery, where the grand jury had heard sufficient evidence to warrant the inference that the defendant had a gun. [478-481]

INDICTMENT found and returned in the Superior Court Department on April 14, 1999.

A motion to dismiss was heard by *Allan van Gestel,* J.

*Daniel I. Smulow,* Assistant District Attorney, for the Commonwealth.

*Angela Delmonte* for the defendant.

GREENBERG, J. A Superior Court judge dismissed an indictment which charged the defendant with armed robbery. Based upon a transcript of the Commonwealth's presentment to the grand jury, the judge concluded that there was insufficient evidence to establish probable cause. *Commonwealth* v. *McCarthy,* 385 Mass. 160, 162 (1982). *Commonwealth* v. *Angiulo,* 415 Mass. 502, 510-511 (1993). The Commonwealth has appealed. We reverse the order.

From the evidence presented to the grand jury, the relevant background can be summarized as follows: On March 17, 1999, at about 4:30 A.M., a woman, later identified as the defendant, entered the Store 24 located at 115 Main Street in Peabody. Michael Stanton, the sole clerk on duty, stood opposite her at a counter and asked how he could help her. She replied that she needed one hundred fifty dollars. Unflinchingly, he told her that

he could not give her any money. With more insistence, she repeated her demand. "I want one hundred fifty dollars, now." Stanton told her that the money was not his to give. Then the defendant replied, "I have a gun." From behind the counter, Stanton was not in a position to see her left hand. So with much trepidation, he allowed her — presumably with her right hand — to reach into the cash drawer of the register and remove all of the bills. Once outside the store, she drove off in a vehicle. From his vantage point, Stanton could not see a license plate number.

Two Peabody police officers rapidly responded to his call. After speaking with Stanton and obtaining a description of the getaway vehicle, they found it parked a short distance away. A check on the registration indicated that it belonged to the defendant. She was arrested on the street a short time later. One of the arresting officers, who had recognized her from high school, gave her Miranda warnings. The defendant eventually told him that she "was using cocaine" and gave that as a reason for her needing cash. Soon thereafter at a "show up," Stanton identified the defendant as the robber and the vehicle as the same as the car driven by her on the occasion. At the time of her arrest, neither cash nor any weapon was found on her person.

So far as material, G. L. c. 265, § 17, provides "[w]hoever, being armed with a dangerous weapon, assaults another and robs, steals, or takes from his person money . . . which may be the subject of larceny shall be punished." The statute, rather obviously, proscribes an aggravated form of common-law robbery and is to be distinguished by the aggravating factor of being armed with a dangerous weapon and not by the material elements comprising the crime of robbery. The standard definition of "dangerous weapon" includes those items that are by their nature capable of causing serious injury or death, but also includes those items that are used or displayed in such a way that they reasonably appear capable of causing serious injury or death. *Commonwealth* v. *Tarrant*, 367 Mass. 411, 416-417 (1975). *Commonwealth* v. *Tevlin*, 433 Mass. 305, 311 (2001).

Obtaining an indictment under the statute here requires that the grand jury "[hear] sufficient evidence . . . to establish the

level of probable cause required to support an arrest [for armed robbery]." *Commonwealth* v. *McCarthy*, 385 Mass. at 162. In this context, probable cause is "reasonably trustworthy information . . . sufficient to warrant a prudent man in believing that the defendant had committed . . . an offense." *Commonwealth* v. *O'Dell*, 392 Mass. 445, 450 (1984). See *Commonwealth* v. *Azar*, 32 Mass. App. Ct. 290, 292-294 (1992). Matched against those criteria, the judge's ruling on the defendant's motion to dismiss was not correct.

Assuming a proper identification of the defendant by Stanton and some objectively menacing conduct undertaken with the intent to put Stanton in fear or apprehension to facilitate the theft, the question remains whether there was probable cause to believe that the defendant was armed with a dangerous weapon at the time of the robbery. Or as the defense has urged and the judge ruled, was there nothing presented to the grand jury that warrants the inference that the defendant had a gun?

In the Massachusetts decisions to date applying G. L. c. 265, § 17, armed robbery may be made out by proof that the defendant was in possession of a weapon in the course of a robbery but did not display or use it. See *Commonwealth* v. *Chapman*, 345 Mass. 251, 254-255 (1962); *Commonwealth* v. *Goldman*, 5 Mass. App. Ct. 635, 637-638 (1977). Unlike G. L. c. 265, § 17, several other States have statutes that require that the weapon be used or displayed during the robbery. See generally Perkins & Boyce, Criminal Law 350-351 (3d ed. 1982). See also Model Penal Code § 222.1 comment 5, at 117 n.64 (1980).

Here, what the defendant said, by itself, may not be sufficient for a petit jury to draw an inference that she, in fact, possessed a weapon. This aspect troubled the motion judge who concluded, on the basis of *Commonwealth* v. *Howard*, 386 Mass. 607, 608-609 (1982), that the "armed" aspect of the robbery could not be inferred.[1] The assessment made in the *Howard* case came after

---

[1]In *Commonwealth* v. *Howard*, 386 Mass. 607, 607 (1982), the defendant told the victim of his robbery that he would "pull the trigger" if she did "anything foolish." The victim had not observed any gun or any object resembling a gun in the defendant's possession. Police arrived while the crime was still in progress and arrested the defendant at the scene. *Id.* at 609-610. In those circumstances, the court held no inference of the defendant being armed

a full trial. In this case, we conclude that it was premature for the motion judge to reach this conclusion.

A motion to dismiss an indictment based on evidentiary irregularities before a grand jury does not permit "a court [to] review the competency or sufficiency of the evidence." *Commonwealth* v. *O'Dell*, 392 Mass. at 450, citing *Commonwealth* v. *Salman*, 387 Mass. 160, 166 (1982). Evidence before a grand jury will be considered to be legally sufficient if it meets the less strict probable cause to arrest standard. *Id.* at 451. Perhaps more to the point, here the defendant claimed to be armed and held one hand out of Stanton's line of sight. It was reasonable for Stanton to assume from the circumstances that she could well have a weapon. Cf. *Commonwealth* v. *Patti*, 31 Mass. App. Ct. 440, 443 (1991). In the final analysis, it remains for a petit jury, properly instructed, to determine whether the Commonwealth can satisfy the *Commonwealth* v. *Latimore*, 378 Mass. 671, 678-679 (1979), standard with respect

could be drawn because the defendant did not have any weapon in his possession. *Id.* at 610.

In an earlier case, *Commonwealth* v. *Delgado*, 367 Mass. 432, 434 (1975), the Supreme Judicial Court affirmed a conviction for armed robbery in a situation where the victim never saw a weapon and where the defendant, during the robbery of a victim, stated to a coventurer, who was restraining the victim, "Hold him or I'm going to shoot him." In the later arrest, no weapon was found on Delgado's person or in the area of his arrest. The court concluded that the jury could reasonably take the defendant "at his word" and find beyond a reasonable doubt that he possessed a gun at the time of the crime. *Id.* at 436-437. The *Howard* court did not construe the *Delgado* case as dispensing with the requirement that a defendant have a dangerous weapon but reasoned that it was possible that Delgado had a gun and disposed of it. *Commonwealth* v. *Howard*, 386 Mass. at 610. It distinguished *Delgado* on the basis of evidence that the defendant Howard was arrested at the scene of the robbery, and, thus, had no opportunity to dispose of any gun.

In *Commonwealth* v. *Powell*, 433 Mass. 399 (2001), the defendant confronted a cashier in a convenience store and demanded all of the money in the cash register. When the victim hesitated, he walked behind the counter and, standing beside the victim, told her to open the register and not to move because he had a gun and threatened to shoot the victim if she "tried anything." *Id.* at 400. At trial, the victim could only say that she could see the very top of an unidentifiable object under his jacket. The police searched the area for a suspect but found only a wooden replica of a double barreled shotgun. Three days later, the victim serendipitously saw the defendant walk by her car, and he was apprehended shortly thereafter. In that case, the Supreme Judicial Court affirmed his conviction for armed robbery. *Id.* at 404.

to the "armed" element of the charged offense. *Commonwealth* v. *Delgado*, 367 Mass. 432, 435-437 (1975). *Commonwealth* v. *Drew*, 4 Mass. App. Ct. 30, 32 (1976).

The order of the Superior Court is reversed, and the case is remanded to the Superior Court where the indictment is to be reinstated.

*So ordered.*