NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-807

COMMONWEALTH

vs.

MARK S. GRATTA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a judgment of the District Court finding him guilty of (1) operating a motor vehicle under the influence of alcohol, G. L. c. 90, § 24 (1) (a) (1), and (2) failing to stop for the police, G. L. c. 90, § 25.[1]  The defendant argues that the evidence presented was insufficient as to each conviction.  We affirm.

---

[1] The guilty finding for failing to stop for the police was placed on file "until 4 P.M."  It does not appear that any sentence was later imposed on this charge.  Ordinarily, in the absence of a sentence, a judgment is not final, and we would not consider it.  See Commonwealth v. Delgado, 367 Mass. 432, 437-438 (1975).  Here, however, the record does not reflect that the defendant consented to the placement of this charge on file. Accordingly, we shall consider it.  See Commonwealth v. Paniaqua, 413 Mass. 796, 797 n.1 (1992) (because record failed to reflect defendant's consent to two convictions being placed on file, court considered them).

Under the familiar standard of Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), evidence is sufficient to sustain a criminal conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (quotation omitted).  "It is not our function to weigh the evidence or to opine whether we would have reached the same result as the jury."  Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 354 (2015).

Here, based upon the evidence presented at trial, a reasonable factfinder could have found the following:

On June 3, 2023, at around 9 P.M., police Sergeant Andrew Reilly of the town of Hull (Reilly or Sergeant Reilly) saw a black Honda Accord proceed through a red light, without stopping, heading southbound on George Washington Boulevard where it intersected with Rockland Circle.  Reilly made a U-turn, so that he could follow the black Honda Accord, and activated the blue lights on his cruiser.  The Accord slowed down to about ten to fifteen miles per hour, but it did not stop.  Instead, it traveled for over a mile, with its right-hand turn signal on, until it finally turned right onto Martin's Lane, in the Town of Hingham, where it stopped.

Sergeant Reilly got out of his cruiser and approached the driver's side window.  The driver had lowered the window

approximately one inch.  In response to the sergeant's request, the driver eventually slid his license and registration through the one-inch crack.  The license identified the defendant, and Reilly also identified the defendant in court.

Although the window was only cracked one inch, Reilly could smell an overwhelming odor of alcohol coming from the car. Reilly asked the defendant to step out of the car, but he did not.  Eventually, another police officer arrived and was able to unlock the car from the passenger side.  Reilly then opened the driver side door and had the defendant exit the vehicle.

Reilly asked the defendant to recite the alphabet, which he could not "fully" do.  Reilly smelled alcohol coming from the defendant's facial area while he was speaking.  The defendant's eyes were bloodshot and glassy, and his speech was slurred.  The defendant failed to obey commands.  Reilly arrested the defendant, handcuffed him, and brought him to the police station.

At the police station, the defendant was asked multiple times to keep his head up.  He said he "would love to," but he was unable to do so consistently.  The defendant had a "koozie" in his back pocket with two names on it, and the defendant stated that he had just come from an engagement party.

The defendant also testified at trial.  The thrust of his testimony was that he had taken an intravenous drip that day,

3

which was some kind of stimulant, and that it had "a certain comedown" to it. The defendant also stated that he had worked the night before at a liquor store, and that at "any point in time I could smell like alcohol."

Applying the Latimore standard to the above facts, there was more than sufficient evidence to support a conviction for operating a motor vehicle under the influence of alcohol. The crime requires proof of three elements: "that the defendant (1) operated a motor vehicle, (2) on a public way, (3) while under the influence of alcohol." Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017). Here, the defendant contests only the finding that he was under the influence of alcohol. The testimony of Sergeant Reilly established, however, that the defendant smelled of alcohol, and that he had classic symptoms of an intoxicated person, including bloodshot and glassy eyes, slurred speech, and an inability to follow commands and even to hold his head up. The defendant's behavior and his driving (including proceeding through a red light) were erratic, and he admitted that he was coming from a party. These facts are sufficient, under Latimore, for a reasonable fact finder to find that the defendant was under the influence of alcohol when he was stopped. See Gallagher, supra at 392-393 (sufficient evidence that defendant was under influence of alcohol where "defendant exhibited classic symptoms of alcohol intoxication"

4

including bloodshot and glassy eyes, odor of alcohol, and slurred speech); Rarick, 87 Mass. App. Ct. at 354 (sufficient evidence where defendant had previously consumed beers, had moderate odor of alcohol and red and glassy eyes, and was speeding).

There was also more than sufficient evidence to support the conviction for failing to stop. The officer testified that he activated his blue lights behind the defendant's car, and that

the defendant slowed down but drove approximately two miles before stopping.

Judgment affirmed.[2]

By the Court (Massing, Englander & D'Angelo, JJ.[3]),

Clerk

Entered:  May 19, 2025.

---

[2] No sentence was imposed on the conviction for failure to stop.  Accordingly, although we addressed the merits of that conviction, there is no judgment to affirm.  See Commonwealth v. Paniaqua, 413 Mass. 796, 797 n.1 (1992), where the court considered additional convictions placed on file without the defendant's consent, but only one judgment was affirmed.

[3] The panelists are listed in order of seniority.