NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1075

COMMONWEALTH

vs.

JOSE ORTEGA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the Superior Court, the defendant was convicted of two counts of rape of a child, G. L. c. 265, § 23, and one count each of indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B, open and gross lewdness, G. L. c. 272, § 16, and dissemination of matter harmful to minors, G. L. c. 272, § 28. In this consolidated appeal from the convictions and from the orders denying defendant's motions for a new trial and for postconviction discovery, the defendant argues, among other things, that the judge erred in admitting evidence of the defendant's uncharged bad acts without giving a limiting instruction. We agree that, absent a limiting instruction, the bad acts evidence in question was more

prejudicial than probative and was therefore inadmissible. Because we conclude that the omission of a limiting instruction at trial resulted in a substantial risk of a miscarriage of justice, we must vacate the judgments and set the verdicts aside. Given that conclusion, we need not and do not address the defendant's remaining challenges to the orders denying his motions for a new trial and for postconviction discovery.

Background. The charges against the defendant stem from allegations by the alleged victim, whom we shall call Martin,[1] that the defendant sexually assaulted him between 2000 and 2006, when he played in a youth baseball league for which the defendant was a coach. Before trial, the Commonwealth moved to admit evidence of contemporaneous uncharged bad acts -- testimony from Martin that he observed the defendant sexually assaulting several other boys. In its motion in limine, the Commonwealth argued that the evidence was admissible for three limited purposes -- to show the defendant's motive and state of mind, to establish the defendant's pattern of conduct, and to present "as full and accurate a picture as possible of the events surrounding" the defendant's abuse of Martin -- and requested that the judge instruct the jury accordingly. The judge allowed the motion after concluding that the evidence was

_____

[1] A pseudonym.

2

admissible to show the context of the defendant's relationship with Martin, that it was inadmissible to prove the defendant's propensity to commit crime, and that the probative value of the evidence was not outweighed by the risk of unfair prejudice.

At trial, Martin testified, as expected, that the defendant had sexually assaulted him, as well as several other players in the baseball league.  On direct examination by the prosecutor, Martin described a "routine" in which the defendant invited Martin and up to five other boys to his home, where he showed them pornography and encouraged them to masturbate while sometimes doing so himself.[2]  In an apparent oversight, the judge did not give the limiting instruction the Commonwealth had originally requested; the Commonwealth did not reiterate its earlier request for such an instruction, nor did the defendant request one.  Neither party objected to the instructions given in the final jury charge at trial; those instructions did not provide a limiting instruction on the bad acts evidence, either.

After the Commonwealth rested, the defendant called three witnesses who had played in the baseball league at the same time as Martin, including two witnesses whom Martin testified to

---

[2] On cross-examination, defense counsel also elicited Martin's confirmation that in the same timeframe, he saw the defendant do "sexual things" to other boys, including touching other boys' penises, as well as kissing and then putting his penis in one boy's mouth.

3

seeing the defendant sexually assault.  The three witnesses testified that they were never sexually assaulted by the defendant, nor had they ever seen the defendant sexually assault Martin or anyone else.

On May 21, 2021, the jury found the defendant guilty on five counts, including open and gross lewdness and dissemination of matter harmful to minors.  The defendant appealed shortly after.  On June 10, 2021, the Commonwealth nol prossed the charges for open and gross lewdness and dissemination of matter harmful to minors.[3]  The defendant was sentenced to nine to twelve years in state prison for two counts of rape of a child, as well as to ten years of probation for indecent assault and battery on a child.

On May 1, 2024, the defendant filed motions for a new trial and for postconviction discovery.  The judge denied both motions, and the defendant appealed.  That appeal, consolidated with the defendant's direct appeal, is before us now.

Discussion.  1.  Admissibility of bad acts evidence.
Because the error the defendant claims on appeal was not preserved, we review for a substantial risk of a miscarriage of justice.  See Commonwealth v. Almeida, 479 Mass. 562, 568

---

[3] The statute of limitations for those two counts had expired before indictment.  As we note infra, the Commonwealth cannot retry the defendant on those counts.

4

(2018); Commonwealth v. Proia, 92 Mass. App. Ct. 824, 828 (2018). Thus, we must assess the case and the evidence as a whole and ask:

> "(1) Was there error? (2) Was the defendant prejudiced by the error? (3) Considering the error in the context of the entire trial, would it be reasonable to conclude that the error materially influenced the verdict? (4) May we infer from the record that counsel's failure to object or raise a claim of error at an earlier date was not a reasonable tactical decision?" (citations omitted).

Commonwealth v. Randolph, 438 Mass. 290, 297-298 (2002).

a. Error prejudicial to defendant. Evidence of a defendant's uncharged bad acts "is not admissible to show a defendant's bad character or propensity to commit the charged crime, but may be admissible if relevant for other purposes such as 'common scheme, pattern of operation, absence of accident or mistake, identity, intent or motive.'" Commonwealth v. Dwyer, 448 Mass. 122, 128 (2006), quoting Commonwealth v. Marshall, 434 Mass. 358, 366 (2001). See Mass. G. Evid. § 404(b) (2025). "In sexual assault cases, some evidence of uncharged conduct may be admissible to give the jury a view of the entire relationship between the defendant and the alleged victim . . . ." Dwyer, supra at 128-129. "However, such evidence should not be admitted if its probative value is outweighed by the risk of unfair prejudice to the defendant." Commonwealth v. Nascimento-Depina, 496 Mass. 1, 9 (2025), cert. denied, U.S. Supreme Ct., No. 25-5267 (Oct. 6, 2025).

5

The evidence in question here was relevant to show that the defendant built his relationship with Martin by including him in a group treated by the defendant as "the elite players of the league." The evidence helped the jury to understand why Martin continued to follow the defendant's direction despite his testimony that he did not want to do so. See Commonwealth v. Childs, 94 Mass. App. Ct. 67, 71-72 (2018) (evidence of defendant's past sexual abuse of child victim relevant to show entire relationship between them and to help jury understand victim's "actions and reactions" to defendant's conduct). We also agree with the judge's determination that the bad acts evidence was relevant to demonstrate a common course of conduct. See Commonwealth v. Hanlon, 44 Mass. App. Ct. 810, 818 (1998) ("Evidence offered for the purpose of showing a common plan or course of conduct can be admitted where each incident is part of an ongoing plan" if it is sufficiently connected to charged offense). The probative value of the evidence to the Commonwealth's case was thus substantial.

The bad acts evidence was also certainly prejudicial to the defendant. See Commonwealth v. Barrett, 418 Mass. 788, 795 (1994) ("It is implicit in the general rule regarding the inadmissibility of prior bad acts evidence that the admission of such evidence carries with it a high risk of prejudice to the defendant"). Although the evidence was central to the jury's

6

understanding of Martin's testimony, it could not be used to show the defendant's bad character or propensity to sexually assault children, and a limiting instruction would have been an important part of balancing probative value against prejudicial effect. See Commonwealth v. Brusgulis, 406 Mass. 501, 506 n.7 (1990) ("the judge must weigh the probative value . . . against the prejudice to the defendant of evidence of his prior bad acts, and, if the judge admits the evidence, he must give proper limiting instructions to the jury"). See also Commonwealth v. Gomes, 475 Mass. 775, 785 (2016) (highlighting special importance of limiting instruction where evidence of bad acts was admissible).

The omission of a limiting instruction is particularly significant in this case, where Martin's testimony was the Commonwealth's primary evidence and evidence about other bad acts comprised a significant portion of that testimony. Cf. Nascimento-Depina, 496 Mass. at 9 (finding no abuse of discretion where "risk of prejudice was slight given the prosecutor's limited inquiry into the subject" and testimony lacked detail); Commonwealth v. Pierre, 486 Mass. 418, 426 (2020) ("any risk of unfair prejudice" created by prior bad acts evidence "was reduced by the Commonwealth's limited use of the evidence" [emphasis added]). In this case, the risk of unfair prejudice was not mitigated by a limiting instruction and thus

outweighed the probative value of the evidence; the bad acts evidence should not have been admitted without such an instruction.[4]

b. <u>Material influence on the verdict</u>. As we have noted, the evidence was highly prejudicial to the defendant, and we conclude that it is likely that the extensive evidence of contemporaneous bad acts materially influenced the verdict. Cf. <u>Dwyer</u>, 448 Mass. at 128 (where victim's testimony about uncharged bad acts "overwhelmed" evidence of charged incidents, judge erred in admitting such testimony, even with limiting instruction). However, analysis of this question is complicated by the fact that trial counsel for the defendant intended to elicit the same evidence from Martin, regardless of whether the Commonwealth did so. See <u>Randolph</u>, 438 Mass. at 298 (error must be considered "in the context of the entire trial" to determine whether it materially influenced verdict). From the perspective of the defendant, the contemporaneous bad acts evidence was necessary to create a foundation to impeach Martin's credibility with contradictory testimony from defense witnesses. Without a limiting instruction, however, the jury was free to consider

---

[4] With a limiting instruction, as requested in the motion in limine, to "render potentially prejudicial evidence harmless," the bad acts evidence would likely have been admissible. See <u>Commonwealth</u> v. <u>Bryant</u>, 482 Mass. 731, 737 (2019), citing <u>Commonwealth</u> v. <u>Donahue</u>, 430 Mass. 710, 718 (2000).

8

Martin's extensive testimony about the uncharged bad acts as evidence of the defendant's bad character.  Cf. Commonwealth v. Bryant, 482 Mass. 731, 737 (2019) (noting effectiveness of limiting instructions to limit jury consideration of bad acts evidence).  The considerable quantity of testimony about the defendant's contemporaneous bad acts, in the absence of a limiting instruction, could have convinced the jury of the defendant's propensity for sexual assault.  Compare Dwyer, 448 Mass. at 128-129 (overwhelming quantity of uncharged bad acts evidence should not have been admitted, even with limiting instruction), with Nascimento-Depina, 496 Mass. at 8-9 (in judge's discretion to permit brief, four-question inquiry into prior bad acts without limiting instruction when none was requested).

c.  No reasonable tactical basis.  The failure to object at trial to the lack of a limiting instruction was not a "reasonable tactical decision" because a limiting instruction could only have helped the defendant.  Cf. Commonwealth v. Donahue, 430 Mass. 710, 718 (2000) (presumption that juries understand and follow limiting instructions).  Martin's testimony about other bad acts allowed the defendant to impeach Martin with testimony from his witnesses, but a limiting instruction would not have undercut the value of the evidence

9

for that purpose.[5]  See, e.g., Nascimento-Depina, 496 Mass. at 8-9 (bad acts evidence may be admitted "where it is relevant for a nonpropensity purpose").

Thus, because the admission of the bad acts evidence sans limiting instruction[6] could have had a material effect on the jury's verdicts, we conclude the omission resulted in a substantial risk of a miscarriage of justice.  See Randolph, 438 Mass. at 297-298.

2.  Open and gross lewdness.  The defendant argues that there was insufficient evidence to prove the defendant guilty of open and gross lewdness.  However, as a general matter, "no appeal may come before us until after judgment, which in criminal cases is the sentence."  Commonwealth v. Delgado, 367 Mass. 432, 438 (1975).  Because the Commonwealth nol prossed that count prior to sentencing, we need not address the sufficiency argument.  See id.  Moreover, the Commonwealth has confirmed that it will not seek to reprosecute the defendant on

---

[5] And, as discussed, complete exclusion of the evidence would not have been reasonable in the context of the trial, where both parties had an incentive to seek the admission of that evidence.

[6] Or, put differently, if the bad acts evidence had been admitted with a proper limiting instruction.

that charge, nor can it, given that the statute of limitations has expired.  See G. L. c. 277, § 63.

Judgments vacated.

Verdicts set aside.

By the Court (Henry, Hand &
  Tan, JJ.[7]),

Clerk

Entered:  December 10, 2025.

---

[7] The panelists are listed in order of seniority.