NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-519

COMMONWEALTH

vs.

LENROY W. BRUCE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Lenroy Bruce, was convicted of one count of assault and battery and one count of disorderly conduct.[1]  He appeals, arguing that the Commonwealth failed to disprove that he was acting in self-defense.  Because the evidence was sufficient for a rational jury to find beyond a reasonable doubt that the defendant did not act in self-defense, we affirm.

_____

[1] The judge placed the latter conviction on file.  A conviction placed on file with the defendant's consent ordinarily cannot be appealed.  See Commonwealth v. Delgado, 367 Mass. 432, 438 (1975).  Here, however, although the defendant's brief states in passing that he consented, the record does not reflect any such consent, and so the appeal of that conviction is before us.  The defendant's brief nevertheless does not claim any error affecting that conviction, and so we affirm it.

Background.  We summarize the facts the jury could have found, reserving certain details for later discussion.  The defendant was at a trampoline park with his family, celebrating his daughter's birthday.  Upset by an error made by the park operator, the defendant went to talk to a manager at the park's front desk.  The park's security guard heard the defendant and his wife "yelling and screaming and swearing," so the guard walked to the desk.

The family was walking in the direction of the front door, away from the desk, when they stopped to talk to the guard, who had come around to stand between the defendant and the desk.  The conversation escalated into a physical altercation, which was seemingly initiated by the defendant's wife but quickly encompassed the guard and the defendant as well.  The altercation consisted of two brief struggles, separated by a short intermission after the two men fell to the floor.

Police were called and a complaint issued against the defendant in the District Court.  At trial, the defendant claimed he acted in self-defense, and the jury, after being instructed on the issue,[2] returned verdicts of guilty on both charges.

_____

[2] The Commonwealth disputes whether the defendant was entitled to an instruction on self-defense in the first instance.  Such an instruction "need not be given where there

2

Discussion.  We review to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the [Commonwealth's case] beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).  To satisfy its burden of proving beyond a reasonable doubt that the defendant did not act in self-defense, the Commonwealth must establish that at least one of the following factors did not exist: "(1) the defendant had reasonable concern for his personal safety; (2) he used all reasonable means to avoid physical combat; [or] (3) the degree of force used was reasonable in the circumstances" (quotation and citation omitted).  Commonwealth v. King, 460 Mass. 80, 83 (2011).

Viewing the evidence in the light most favorable to the Commonwealth, a reasonable jury could have found that the defendant did not use all reasonable means to avoid physical combat and, therefore, did not act in self-defense.  "Whether a defendant used all reasonable means of escape before acting in self-defense is a factual question dependent on a variety of

_____

was insufficient evidence to support a theory of self-defense." Commonwealth v. Maguire, 375 Mass. 768, 772 (1978).  We do not address that issue, because we conclude that in any event the Commonwealth disproved self-defense.

3

circumstances, including . . . means of escape from[] the area, and the location of the assault."  Commonwealth v. Pike, 428 Mass. 393, 399 (1998).  Thus, for example, "[s]elf-defense is generally unavailable where the confrontation occurs on a public street and where there is no evidence that the principal was not able to walk away" (quotations and citations omitted). Commonwealth v. Ortega, 480 Mass. 603, 611 (2018).

Here, the altercation occurred in the front lobby area of a facility which was open to the public at the time.  Video footage of the altercation shows that no one blocked the defendant's path to the facility's exterior door when the altercation started.  There was also no evidence that the defendant could not walk away after the guard pushed him.[3] Indeed, the video footage shows that the guard pushed the defendant in the direction of the door and only had his hands on the defendant for at most a second or two before the defendant pushed and held onto the guard's shirt collar until the two fell to the floor.  Thus, the jury could find beyond a reasonable

_____

[3] The parties do not agree as to who was the first aggressor as between the defendant and the guard.  For the purposes of this appeal, we assume the jury found that the defendant was not the first aggressor and note that this finding is reasonably supported by the video footage.  Although the guard appears to have initiated physical contact with the defendant, and thus might well have been subject to charges along with the defendant, that issue is not before us.

4

doubt that the defendant did not avail himself of reasonable means of escape.[4]

Even if we focus solely on the second struggle, the evidence was again sufficient for the jury to find that the defendant was able to walk away and avoid combat but did not. The video footage shows that the defendant recovered from the first struggle with the guard, and was back on his feet with an employee pointing him toward the door, before the guard stood back up and approached the defendant and the two resumed fighting. Though the defendant testified that he was unable to leave because employees including the guard were blocking his exit, the jury was entitled not to credit this testimony. Thus, viewing the evidence in the light most favorable to Commonwealth, the jury could conclude that the defendant failed

---

[4] The defendant argues that he had no ability to retreat after being pushed, citing Commonwealth v. Galvin, 56 Mass. App. Ct. 698 (2002). His reliance on Galvin is misplaced, however, as that case addressed whether a self-defense instruction was warranted in the first place, as determined by viewing the evidence in the light most favorable to the defendant. See id. at 698-699.

to avail himself of another opportunity to retreat and thus did not act in self-defense.

Judgments affirmed.

By the Court (Henry, Sacks & Tan, JJ.[5]),

Clerk

Entered:  January 16, 2026.

---

[5] The panelists are listed in order of seniority.